MARTHA WHITNEY, Appellee, v. CITY OF SIOUX CITY, Appellant.

**EVIDENCE: Conclusion of Witness—Rate of Speed—Res Gestae.**
1 The conclusion of a witness is not admissible, even though the conclusion be a part of the *res gestae. Held,* the statement, ''We were going too fast'', was a conclusion.

**EVIDENCE: Res Gestae—Recital of Past Occurrence.** A mere re-
2 cital of a past occurrence is not admissible as a part of the *res gestae.*

PRINCIPLE APPLIED: A conveyance, with the occupants, was precipitated to the bottom of a gully. The injured occupants

were taken to a nearby house. One of the injured persons there stated: ''We were going too fast and I told John so.'' *Held*, inadmissible; because the first statement was a conclusion, and the latter, a mere recital of a past occurrence.

**APPEAL AND ERROR:** Exclusion of Answer—Record Must Show Error. If an answer be excluded, he who complains must see to it that the record in some manner shows what the answer of the witness would have been.

**TRIAL:** Verdict—$3,400—Excessiveness—Permanent Injuries. A verdict for $3,400, for both permanent and temporary injuries, accompanied by much pain, to a young woman with a life expectancy of 35 years, *held* not excessive.

*Appeal from Woodbury District Court.*—HON. GEORGE JEPSON, Judge.

TUESDAY, OCTOBER 26, 1915.

ACTION for damages consequent upon injury suffered in one of defendant's streets resulted in a judgment against defendant, from which it appeals.—*Affirmed.*

*Schmidt & Pike* and *Sam Page,* for appellant.

*Shull, Gill, Sammis & Stillwill,* and *U. G. Whitney,* for appellee.

LADD, J.—The facts sufficiently appear in *Lawrence v. Sioux City,* 172 Iowa 320. Three points not there ruled will be considered. After being precipitated into the gully, plaintiff and Dorothy Lawrence were taken to the

1. EVIDENCE: conclusion of witness: rate of speed: *res gestae.*

house of St. Onge, and witnesses were asked, in substance, what Dorothy Lawrence then said in presence of persons named; and an objection as incompetent, irrelevant and immaterial and no foundation laid was sustained. Defendant offered to show that she said: ''We were going too fast and I told John so''; and evidence thereof was held incompetent. What she said of the speed of the car was a mere opinion or conclusion of the deceased, and no statement of fact as to how fast the car

was going. This being so, it was not admissible, even if a part
of the *res gestae*. *Dunn v. Railway*, 130 Iowa
580. But coupled with the statement, "I told
him so", a fact was stated, namely, that she
told him "we were riding too fast". But this related to some
time prior to the accident,—a past occurrence,—and not to
what happened in connection with the precipitation of the
car into the ditch. It did not grow out of the transaction nor
derive credit therefrom, but was merely the relation of a
conversation which may have taken place at any time while
traveling the two miles prior to reaching the gully. A mere
recital of a past occurrence is not to be submitted as part of
the *res gestae,* and there was no error in excluding this evi-
dence. *Alsever v. Railway*, 115 Iowa 338; *Chicago West. Div.
Ry. Co. v. Becker*, (Ill.) 21 N. E. 524. The true theory upon
which such a declaration is received in evidence is that it
illustrates, explains or interprets other parts of the transac-
tion of which it is a part; but when merely an account in part
or in whole of a completed past affair, it should be excluded.

II. Paul Gibeau testified to having a talk with Knott
about a week before the accident, and was asked whether
Knott had then made any statements about the condition of
the big lights on the car. An objection as
immaterial, irrelevant and incompetent was
sustained. The alleged error may be dis-
posed of on the ground that there is nothing
in the record tending to show the nature of the answer
expected or that, if given or the statements recited, anything
testified to would have had any bearing on the issues being
tried. *Arnold v. Livingstone*, 155 Iowa 601, 604. Knott
had testified that he had not told Gibeau that his Presto-
lites were out of whack; but from this it was not to be
inferred that the witness would testify to the contrary, or
that he had had a conversation with Knott, though the latter
had testified that he had not seen him. The ruling does not
appear to have been prejudicial.

*Margin notes:*

2. EVIDENCE: *res gestae:* recital of past occurrence.

3. APPEAL AND ERROR: exclusion of answer: record must show error.

III. The verdict returned by the jury was for $3,400, and it is contended that this was excessive. The plaintiff suffered great pain from the injury to her arm and it has proven permanent. According to the attending physician, "the break was about an inch or an inch and a half above the lower end of the bone, and instead of being broken directly across, it broke off one fragment, and the bone was more or less crushed, so there were two or three fragments at the lower end". The radius was not broken, but bent,—that is, broken on one side, then bent. The ligaments were torn and, in consequence of the injury, a large lump still exists on the wrist, and, according to the physician, this deformity will be permanent. She suffered great pain from the injury to her arm and it was placed in a cast. Her face was badly bruised, her eye swollen shut and her nose and lips badly swollen, so that she was compelled to obtain food through a tube for a few days. She was very nervous and her entire body bruised. After the swelling was reduced, her face was black, as a result. She could neither read nor write, for some time after the injury. She was put under an anaesthetic a second time, in order to reduce the lump on her wrist, and had been unable to attend school since the injury. For some time, she was unable to sleep well and, owing to her nervous condition, could not use her left arm for nearly a month, and has not yet recovered the full use of the right hand, and it still pains her when the weather changes. She cannot use her hand in making things and the middle finger is numb, and she cannot do work that requires a rotary motion, as beating eggs. She clerked in a store for a time at $7.50 per week, taking the place of another girl for a short time, and at another place during Christmas season. Her expectancy was thirty-five years, and it cannot be said, in view of the facts recited, that the verdict was excessive. The injury to the arm was permanent and she was shown to have suffered great pain and much inconvenience in consequence of the injury. Other errors

*4. TRIAL: verdict: $3,400: excessiveness: permanent injuries.*

assigned are ruled by *Lawrence v. Sioux City, supra.* The judgment is—*Affirmed.*

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.