## C. E. PARKS GRAIN CO. v. GWYNN.
### (No. 2364.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 15, 1924. Rehearing Denied Nov. 19, 1924.)

1. Sales ⊂⊃87(1) — Charge that plaintiff had burden of proving that crop from certain field was included in contract held proper.

In action for damages for refusal to sell grass seed as agreed, charge that plaintiff had burden of proving that crop from certain field was included in contract *held* proper.

2. Trial ⊂⊃232(2)—Direction that, if jury answered first issue in negative, they need not answer second held proper.

Direction that, if jury answered first issue in negative, they need not answer second, *held* not objectionable, as telling jury what the effect of their finding would be.

3. Sales ⊂⊃87(3) — Evidence held to sustain finding that certain field was not included in contract to sell grass seed.

In action for damages for refusal to sell grass seed as agreed, evidence *held* to sustain jury's finding that certain field was not included in contract.

Appeal from District Court, Bailey County; R. C. Joiner, Judge.

Action by the C. E. Parks Grain Company against W. B. Gwynn. Judgment for defendant, and plaintiff appeals. Affirmed.

R. A. Sowder, of Lubbock, for appellant.
A. B. Crane, of Farwell, for appellee.

HALL, C. J. The appellant company sued appellee, alleging in substance that on June 20, 1922, it had purchased by contract in writing the product of 150 acres planted in Sudan grass seed, to be raised by the defendant in Bailey county; that it agreed to pay 2 cents per pound for such seed when delivered to it on or before December 15, 1922, and that it advanced the defendant Gwynn $300 of the purchase price at that time; that the defendant raised 32,470 pounds upon said 150 acres, and delivered under the contract only 20,690 pounds; that the seed which he refused to deliver was worth 9 cents per pound. The prayer is for damages in the sum of $824.60, with interest. The defendant answered that he was deceived and defrauded in making the contract by the plaintiff's agent, who represented that plaintiff had contracted for 20,000 acres in his country at that price, and that the seed would be worth less than the contract price in the fall. He further alleged that his crop of Sudan grass was growing in two different fields; that he did not sell both fields to plaintiff, and that the 150 acres stated in the contract was only an estimate of the amount planted in one field; that he delivered to plaintiff all the seed actually produced by that field.

By trial amendment, plaintiff alleged that, if the description of the property in the contract was not as pleaded by plaintiff, the same was intended to be, and that the contract was intended to cover both fields of Sudan grass. The property sold is described in the contract as follows:

"Grower agrees to properly prepare and plant 150 acres of the east ¼ of section north ½ 32, block Y, Bailey county, Tex."

The court submitted the case upon two special issues as follows:

"No. 1. At the time the contract between the plaintiff and defendant was entered into, was it agreed by plaintiff and defendant that what is termed as the west field was to be included in the contract? You are instructed, as to this issue, that the burden of proof is on the plaintiff to establish, by a preponderance of the evidence, the affirmative of this issue.

"No. 2. If you should answer special issue No. 1 in the negative, then you need not answer the following special issue, but, should you answer the first special issue in the affirmative, then you will answer special issue No. 2. How many pounds of Sudan grass seed were raised on what is known as the west field during the year 1922?"

The jury answered the first special issue in the negative, and did not answer the second. Judgment was accordingly entered that plaintiff take nothing.

[1] The controversy is before us upon three propositions, the first being: "The court should not indicate the burden of proving an issue is on a particular litigant." While there are certain instances under which the court should not charge the jury as to the burden of proof, the general rule is that it is the duty of the court to charge the jury upon whom the burden of proving an issue rests. Goree v. Uvalde National Bank (Tex. Civ. App.) 218 S. W. 620; Jenkins v. Moore (Tex. Civ. App.) 230 S. W. 886; Wichita Falls Railway Co. v. Mendoza (Tex. Civ. App.) 240 S. W. 570; Boswell v. Pannell, 107 Tex. 433, 180 S. W. 593.

[2] It is next insisted that the action of the court in telling the jury, in the second issue, that, if they answered the first issue in the negative, they need not answer the second issue, indicated to the jury what the effect of their finding would be. This identical question was decided adversely to appellant's contention in Lambert v. Lancaster et al. (Tex. Civ. App.) 259 S. W. 270.

[3] It is insisted by the third proposition that, it being shown that defendant actually contracted to deliver 150 acres of seed, and it being further shown that he grew only 150.1 acres, it was at least a jury case, if he intended to sell such acreage, and plaintiff's issue No. 1, calling for a finding of the question, was improperly refused. Special issue No. 1, requested by plaintiff, is as follows:

"Did defendant Gwynn, at the time he signed the contract and received the $300 check, intend to sell the product of 150 acres of Sudan to plaintiff?"

If it should be held that Gwynn's intention was a material inquiry, we think the first special issue submitted by the court sufficiently covered the matter. The property is described in the contract as "150 acres of the east quarter" of the north half of defendant's section. This description is both general and particular; "150 acres" of the section would be too general, unless it had been further particularized by the words "the east quarter" of a certain section. The appellant was insisting that, because the testimony of a surveyor showed that both fields contained only 150 acres, the description included also the crop of grass growing on the west quarter of the section. The defendant's evidence showed that it was understood at the time he signed the contract that he had only estimated the acreage on the east quarter as 150. In the absence of pleading and proof of fraud, accident or mistake, in drawing up the contract, the description therein limited the inquiry to the acreage in

grass planted upon the east quarter of the section. The evidence was conflicting as to whether there were really 150 acres of grass growing upon the east quarter, and as to what was included in the written description. We think the evidence is sufficient to sustain the jury's finding that the west field was not intended by the parties to be included in the contract.

The judgment is therefore affirmed.