## SAN ANTONIO PUBLIC SERVICE CO. v. MURRAY.

No. 2340.

Court of Civil Appeals of Texas. Beaumont.

April 26, 1933.

Rehearing Denied May 3, 1933.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

Champe G. Carter, Randolph L. Carter, and H. C. Carter, all of San Antonio, for appellee.

WALKER, Chief Justice.

This appeal is from a judgment for $1,200 in favor of appellee, C. W. Murray, against appellant, San Antonio Public Service Company, for damages to his automobile and for personal injuries suffered by him, resulting from a collision on the 17th day of March, 1926, between one of appellant's street cars and appellee's automobile. The jury found:

(a) That at the time of the collision the street car was being operated at a speed exceeding ten miles an hour, and that the rate of speed "directly caused or directly contributed to the collision" and the injuries of which appellee complained; (b) that just prior to the collision appellant's motorman failed to have the street car under control, and that "such failure" constituted negligence "directly causing or directly contributing to the collision" and the injuries of which appellee complained; (c) that on the occasion of the collision appellant's motorman discovered and realized that appellee "was in a perilous situation in time to have averted the collision with the means at his command," that the motorman failed "to use the means at his command to avert the collision after such discovery," that "such failure constituted negligence, which directly caused or directly contributed to the collision" and to the injuries of which appellee complained; (d) that "the accident in question was not an unavoidable accident"; (e) and facts acquitting appellee of the charge of contributory negligence; (f) the damage to the automobile was fixed at $500, and appellee was allowed $700 in compensation for his personal injuries. The appeal was to the San Antonio Court of Civil Appeals, transferred first to the Austin Court of Civil Appeals, then to this court by orders of the Supreme Court.

## Opinion.

■ The lower court did not err in overruling appellant's motion for an instructed verdict upon the ground that "the great and overwhelming preponderance of the evidence shows that this accident was not caused by any negligence of the defendant." Appellant makes the following statement of the undisputed facts attending the collision:

"The following facts are admitted and undisputed: South Alamo Street, in the city of San Antonio, runs substantially north and south; it is a paved street; at the place of the accident it is 36½ feet wide, and has on it double street car tracks;

"Market Street runs east and west and crosses South Alamo Street one block south of Commerce Street, which is one of the main business streets; the collision occurred south of the intersection of South Alamo and Market Streets; just prior to and at the time of the collision, automobiles were parked on the west side of South Alamo Street;

"The accident happened at about noon, on a rainy day, and the pavement was wet.

"The street car was going north toward the center of town on the east or inbound track.

"The plaintiff was by himself, driving his six-cylinder Buick roadster; he had been going east on Market Street; he turned to his right to go south on South Alamo Street.

"Just prior to and at the time of the collision, the plaintiff and the street car were approaching each other going in opposite directions.

"Ahead of the plaintiff and on his right, or, on the west side of South Alamo Street, also headed south, were several other automobiles parked on the curb; one of these parked autos moved away from the curb and came out into the street ahead of the plaintiff. The plaintiff did not stop to avoid said other auto; he cut his auto to the left, and got out onto the east street car track, which put the plaintiff's car over on the wrong side of the street in front of the oncoming street car, and the collision took place. All of these facts are admitted."

Just prior to the collision Mr. Jesse Jenkins, a witness for appellee, was driving in his automobile behind appellee's automobile, going in the same direction, with one automobile between him and appellee. Mr. Jenkins testified:

"Q. Well, go on and state what you saw there? A. This Buick roadster was ahead of me, I came in on South Alamo Street; I can't say whether he turned the corner or whether he did not, because I wasn't paying any particular attention, but I do know he did swerve out in the street, the street was very slippery because I came around the corner and naturally had to take it slow. He swerved out in the street because of another car that pulled out from the curb, and as he turned, the street car hit him. * * *

"Q. But you saw it, saw this car move out? A. Yes sir.

"Q. And did you see Murray turn out— A. Yes.

"Q. —and that was the time he was struck, when he turned out? A. Yes sir. * * *

"Q. And just as soon as he swung over there the car hit him? A. That is right. * * *

"Q. But just as soon as he swerved out on the track the accident happened? A. Yes. * * *

"Q. Do you remember hearing any signal given as the street car approached? A. I don't remember.

"Q. That was the first time that you yourself noticed the street car coming—at the time the collision came? A. When they hit.

"Q. Sir? A. When they hit, when they collided.

"Q. You didn't see it or notice it until they struck? A. Not at all. * * *

"Q. And was the street car coming slow or fast? A. It would be hard to tell at what rate of speed he was coming. * * * I would judge that the car was going about eighteen miles an hour."

Mr. Davis, a witness for appellant, testified that, at the time of the collision, he was driving his automobile behind the street car and in the same direction, and that "the street

car was going I suppose eight or ten miles an hour." Independent of the verbal testimony, the circumstances in the case raised the issue that the street car was running at a speed exceeding ten miles an hour. For instance, some of defendant's testimony shows that the collision took place some seventy-five or one hundred feet from the intersection of Market and South Alamo streets. The defendant's motorman testified that after the collision his street car stopped at a point five or ten feet from the intersection of Market and South Alamo streets. The testimony of defendant's witness, Mrs. Delaney, tended to show that the automobile was a number of feet north of the front end of the street car after the collision. This evidence raised the issue that the street car ran some seventy-five or one hundred feet after the collision and that after it stopped the automobile was a few feet in front of it, thereby raising the issue that the street car was traveling at an excessive rate of speed when it struck the automobile. This statement is sufficient to raise the issue of negligence against appellant.

■ There was no error in receiving in evidence the following ordinance of the city of San Antonio, against the objection that it was "unconstitutional, because the same is too vague and indefinite, and is prejudicial, immaterial and irrelevant": "Hereafter no electric street car shall be propelled or operated within the limits of the city of San Antonio at a greater speed than is reasonable and proper, having regard to traffic and use of the public streets by others, or so as to endanger the life or limb of any person thereon, providing that the following rate of speed shall not be exceeded: Within the circle of one-half mile from the intersection of St. Mary's and College Street, 10 miles an hour."

The objection was to the ordinance as a whole, and clearly the provision that the rate of speed should not exceed "ten miles an hour" was not vague and indefinite. When the objection is to the testimony as a whole, overruling objection does not constitute error, if any part of the proffered testimony is admissible. Lamar & Smith v. Stroud (Tex. Civ. App.) 5 S.W.(2d) 824. Again, since no issue was submitted under the other portions of the ordinance, and these other portions were not of a nature to inflame the minds of the jury, or to prejudice in any way appellant's defense, the error, if any, was immaterial. In the following cases speed ordinances were received in evidence: West Texas Coaches v. Madi (Tex. Com. App.) 26 S.W.(2d) 199; Id. (Tex. Civ. App.) 15 S.W.(2d) 170; Woodward v. Murphy (Tex. Civ. App.) 29 S.W.(2d) 828; Solan & Billings v. Pasche (Tex. Civ. App.) 153 S. W. 672.

■ On the ground that it was "suggestive and leading," appellant objected to the following testimony by Mr. Jenkins: "Q. And was the street car coming slow or fast? A. Apparently it was traveling a little fast." After the testimony was received, appellant added the objection that it was "a conclusion." Immediately following the testimony objected to, the witness testified, "I would judge that the car was going about eighteen miles an hour." The testimony showed that Mr. Jenkins was qualified as an expert to testify as to the rate of speed. While evidence to the effect that the defendant was driving "awful fast" has been held objectionable, Morgan v. Maunders (Tex. Civ. App.) 37 S.W.(2d) 791, and that he was "going too fast" has been condemned as a mere opinion or conclusion, Whitney v. Sioux City, 172 Iowa, 336, 154 N. W. 497, and that "the speed was fast, terrible, frightful, greater than ever before" has been condemned as mere conclusions, Baldwin v. Omaha, etc., Railway Co., 105 Neb. 614, 181 N. W. 525, we do not think the evidence objected to in this case should constitute reversible error. While the witness said that the street car was apparently "traveling a little bit fast", he immediately qualified that by fixing the rate of speed at eighteen miles an hour. We think this specific limitation rendered harmless the indefinite statement complained of and took it out of the rule announced by 19 Tex. Jur. 309.

■ Question No. 1 was as follows: "Just before this collision, was the street car of the defendant being operated at a rate of speed exceeding ten miles per hour?"

In connection with this charge the following issue was submitted: "If you answer 'Yes' to question 1, (but only if you so answer the same), then did such rate of speed directly cause or directly contribute to the collision and to any injuries to the plaintiff which are alleged in the petition?"

Appellant reserved certain exceptions to this charge which we do not discuss because the findings of the jury on the issues of discovered peril, which are before us without objection, are sufficient to support the verdict, even if this charge constituted error; therefore the error in submitting this charge, if error existed, was immaterial.

■ The following charge was given immediately preceding the charge submitting the issues as to the amount of appellee's damages, if any, suffered by him as a result of the collision:

"If in response to the foregoing questions you have answered that the defendant's motorman was negligent and that this negligence caused the collision, and if you have also answered that the plaintiff, C. W. Murray, was not guilty of contributory negligence, then you will answer the following questions.

"If you answer otherwise than as above, then you will not answer the following questions, unless you should answer 'Yes' to Ques-

tions (3) to (3c), inclusive, relating to discovered peril, in which event you will answer all of the following questions."

This charge was objected to on the ground that it instructed the jury "as to when it would be necessary and when it would be unnecessary to answer the amount question, and particularly because the way said paragraph is worded suggests to the jury that the court believes that the jury will probably answer 'Yes' to the questions of negligence against the defendant; and said paragraph is therefore highly prejudicial to the defendant; and because it is inconsistent with the prior instruction in the charge as to considering each question separately, etc.," and "because the same is misleading and confusing, is not complete, and is not a correct statement of the law applicable to the particular matter." The objection that the charge was not complete and was not a correct statement of the law was too general to constitute error. Isbell v. Lennox, 116 Tex. 522, 295 S. W. 920. The other objections as directed against this very charge have been duly considered and overruled by the courts. Texas Landscape Co. v. Longoria (Tex. Civ. App.) 30 S.W.(2d) 423; D. & H. Truck Line v. Hopson (Tex. Civ. App.) 4 S.W.(2d) 1013; D. & H. Truck Line v. Lavallee (Tex. Civ. App.) 7 S.W.(2d) 661. Counsel for appellee has furnished us with briefs by the appellants in these cases and the applications for writs of error in the two last cases, which were refused. These briefs show that appellants assigned error against this very charge both in the Courts of Civil Appeals and in their applications for writs of error. Notwithstanding the vigorous attacks thus made against this charge, it was in all things sustained. For other authorities sustaining this character of charge see Millerman v. H. & T. C. Railway Co. (Tex. Civ. App.) 27 S.W.(2d) 897; Standard Acc. Ins. Co. v. Williams (Tex. Civ. App.) 4 S.W.(2d) 1023, 1026; Tex. Employers' Ins. Ass'n v. Heuer (Tex. Civ. App.) 10 S.W.(2d) 756, 759; Texarkana & Ft. S. Railway Co. v. Casey (Tex. Civ. App.) 172 S. W. 729; C. E. Parks Grain Co. v. Gwynn (Tex. Civ. App.) 265 S. W. 1071; Missouri O. & G. Railway Co. v. Webb (Tex. Civ. App.) 178 S. W. 728; Ineeda Laundry v. Newton (Tex. Civ. App.) 33 S.W.(2d) 208, 211. In Western Indemnity Co. v. Corder (Tex. Civ. App.) 249 S. W. 316, 317, this court said, on this issue: "Every issue raised by the pleadings and evidence should be submitted to the jury, but this does not require that the court must permit or require the jury to answer all the issues submitted. When the jury has all issues before it, it is now the established practice in this state for the trial court to instruct the jury that an affirmative or negative answer to certain issues relieves them of the duty of answering certain other issues, and that a verdict may be returned under that instruction without answering all issues submitted."

Our attention has been called to the recent opinion of the San Antonio Court of Civil Appeals in Cannon Ball Motor Freight Lines v. Grasso, 59 S.W.(2d) 337, in which this charge was condemned as being a general charge and because it informed the jury of what the ultimate judgment would be. As we understand appellant's brief, these two specific objections were not made to the charge in issue and therefore would not be available to it as constituting reversible error, so, from what we have said in sustaining this charge against appellant's objections, we are not in conflict with the San Antonio Court of Civil Appeals in the last case cited.

▬▬▬ Over appellant's objection that the testimony was immaterial and irrelevant, appellee was permitted to testify that he paid $1,357 for the automobile in issue when he bought it new three years and a half before the accident. The general rule is that "testimony as to the cost of or price paid by the owner for real or personal property is not admissible on an issue as to its market value, especially when remote in point of time, or where it was purchased at another place." 17 Tex. Jur. 442. This proposition cannot avail appellant because it was not objected to on the ground that it was remote in point of time nor that it was not purchased in San Antonio. The only objection was that it was immaterial and irrelevant. We do not think it was subject to that objection. 17 Tex. Jur. 440.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.