SAN ANTONIO PUBLIC SERVICE COMPANY v. C. W. MURRAY.

No. 6573.  Decided February 26, 1936.
Rehearing overruled March 18, 1936.
(90 S. W., 2d Series, 830.)

*Templeton, Brooks, Napier & Brown,* of San Antonio, for plaintiff in error.

*Perry J. Lewis, Champe G. Carter, Randolph L. Carter,* and *H. C. Carter,* all of San Antonio, for defendant in error.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is a suit by C. W. Murray, against the San Antonio Public Service Company, for damages involving a collision between one of the street cars of the company with the automobile of Murray in which the latter was riding at the time. The case was tried before a jury on special issues, resulting in a judgment for Murray. The Court of Civil Appeals affirmed the judgment (59 S. W. (2d) 851) and the company has been granted the writ of error.

The trial court submitted special issues to the jury calling for a fact finding on the question of negligence on the part of the company; on the question of contributory negligence on the part of Murray; on the question of discovered peril; and on the question of unavoidable accident. All these issues were found by the jury in favor of Murray. In submitting the above special issues to the jury, and immediately following same, the Court charged the jury as follows:

"If in response to the foregoing questions you have answered that the defendant's motorman was negligent and that this negligence caused the collision, and if you have answered that the plaintiff, C. W. Murray, was not guilty of contributory negligence, then you will answer the following questions: If you answer otherwise than as above, then you will answer the following questions, unless you should answer 'Yes' to question (3) to (3c), inclusive, relating to discovered peril, in which event you will answer the following questions:

"(7) What amount of damages, if any, would, if paid now, reasonably compensate the plaintiff for such injuries, if any, as you may find from the evidence to have been sustained by him?

"(8) What was the reasonable market value of the plaintiff's automobile immediately before and immediately after the collision in question?"

In due season, the company objected to the instruction or charge contained in the paragraph quoted above, which is preliminary to special issues Nos. 7 and 8. A number of grounds of objections were urged, and all said objections were overruled by the trial court. The judgment of the Court of Civil Appeals was to the same effect. The Company in its application presents but a single assignment of error, in which it complains of the action of the Court of Civil Appeals in this respect. The application presents no other ground of complaint. The sole ground upon which jurisdiction of the Supreme Court is invoked, is to the effect that the ruling of the Court of Civil Appeals in respect of the instruction complained of is in conflict with the ruling of the Court of Civil Appeals at San Antonio in the case of Cannon Ball Motor Freight Lines v. Grasso, 59 S. W. (2d) 337 (affirmed by Supreme Court, 125 Texas, 154, 81 S. W. (2d) 482 subsequent to filing of application for writ of error in the present case). In the Grasso case, the trial court gave in charge to the jury a charge in material respects the same as the one passed on by the Court

of Civil Appeals in the instant case. In the Grasso case, the San Antonio court held that the charge was in effect a general charge which informed the jury as to the effect of their answers to the special issues concerning negligence and contributory negligence. Objection to such charge, specifying said ground of error, had been duly made in the trial court, and the ground of error thus urged in the trial court was duly before the Court of Civil Appeals in said Grasso case. In the present case, the only objection to the charge here in question, made by the plaintiff in error in the trial court, that might be construed as presenting substantially the same ground of error as that involved in the ruling of the Court of Civil Appeals in the Grasso case reads as follows: "Because said paragraph undertakes to instruct the jury as to when it would be necessary and when it would not be necessary to answer the amount question." The rule is that in order for an objection to a charge or instruction, given in connection with special issues, to be of avail, the error sought to be complained of must be pointed out. Isbell v. Lennox, 116 Texas, 522, 295 S. W., 920; Perkins v. Nevill, 58 S. W. (2d) 50. The question therefore arises as to whether or not the above quoted objection pointed out the error involved in the present charge that was involved in the ruling in the Grasso case, that is to say that said charge is in effect a general charge informing the jury as to the effect of their answers to the special issues relating to negligence and contributory negligence. That such objection did not fairly point out this error is clear from the decisions just cited. The objection did nothing more than restate the substance of the charge, and left the trial court to speculate as to the nature of the error that counsel had in mind. It is thus seen that the question involved in the ruling of the Court of Civil Appeals in the Grasso case is not materially the same as that involved in the ruling of the Court of Civil Appeals in the instant case. The writ of error herein is dismissed.

Opinion adopted by the Supreme Court February 26, 1936.
Rehearing overruled March 18, 1936.