Affirmed in Part; Reversed and Rendered in Part; and Opinion filed April
27, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00488-CV

___________________

 

PEPPER LEE, Appellant

 

V.

 

LELAND DYKES, Appellee



 



 

On Appeal from the 113th District Court

Harris County, Texas



Trial Court Cause No. 2006-60925

 



 

 

OPINION

Pepper Lee appeals the portion of a final judgment awarding appellee,
Leland Dykes, $13,000 for conversion damages.  Lee contends the evidence is
legally and factually insufficient to support the jury’s finding that Dykes
sustained damages in this amount.  Because we agree the evidence is legally
insufficient to support the jury’s finding, we reverse and render with respect
to the award of damages for conversion and affirm the remainder of the judgment.

 

I.  Background

            According to Dykes, in January 2005, he and Lee became
engaged to be married.  Dykes gave Lee a diamond ring, which he considered
“predicated” on their impending marriage and not a gift.  Dykes also paid the
down payment, monthly payments, insurance premiums, and taxes on a home
purchased in Lee’s name.  Both parties signed a document entitled, “Property
Agreement/Financial Responsibility” (“the property agreement”), which provided,
“[i]n the event of incompatibility in the relationship . . ., [Dykes] will
assume the financial responsibility of [the property] and will be added to the
ownership and continues possession so as to release [Lee] for homestead
rights.”  Their relationship ended on May 15, 2006; however, according to
Dykes, Lee refused to return the ring and give Dykes possession and part
ownership of the property.

Dykes sued Lee for breach of contract, fraud, and conversion,
among other claims.  Dykes requested damages and equitable relief including imposition
of a trust and equitable lien on the real property.  Lee filed a counterclaim
for various causes of action.

            A jury found as follows: Lee did not fail to comply with the
property agreement; Lee did not commit fraud; Dykes expended $110,000 for
purchase of the real property; Dykes gave Lee the ring “upon the condition”
that they marry; Lee ended the engagement on May 15, 2006; and “reasonable cash
market value” of the ring on that date in Harris County, Texas was $13,000. 
The jury also found in Dykes’s favor on Lee’s counterclaim.

            On April 1, 2008, the trial court signed a final judgment
awarding Dykes $123,000 in damages, representing $110,000 relative to the real
property and $13,000 for conversion of the ring.  The trial court also imposed
a resulting trust and equitable lien against the real property relative to the
$110,000 Dykes expended thereon and ordered foreclosure of the lien.  The trial
court ordered that Lee take nothing on her counterclaim.  Lee filed a motion
for new trial, which the trial court denied by written order.

 

II.  Analysis

Lee originally presented four issues, challenging the money judgment
for $123,000 in Dykes’s favor.  In her first and fourth issues, Lee attacked
the portion of the total damages award representing $110,000 relative to the
real property, arguing the jury made no liability findings to support such an
award.[1]  However,
after Lee filed her brief, Dykes filed a release of judgment relative to this $110,000
in damages.  Accordingly, Lee’s issues challenge this award are now moot.  We
will affirm the judgment relative to the $110,000 in damages, recognizing it
has been released.

Lee’s remaining complaints pertain to the $13,000 portion of
the damages award imposed for conversion of the ring.  In her second and third
issues, Lee contends the evidence is legally and factually insufficient to
support the jury’s finding that reasonable cash market value of the ring on or
about May 15, 2006 in Harris County was $13,000.  Lee objected to submission of
this jury question on the ground there was no evidence of market value of the
ring.  For the reasons explained below, we
agree there was no evidence to support the jury’s finding.

A.        Standard of Review 

When examining a legal-sufficiency challenge, we review the
evidence in the light most favorable to the challenged finding and indulge
every reasonable inference that would support it.  City of Keller v. Wilson,
168 S.W.3d 802, 822 (Tex. 2005).  We credit favorable evidence if reasonable
jurors could and disregard contrary evidence unless reasonable jurors could
not.  Id. at 827.  There is “no evidence” or legally-insufficient
evidence when (a) there is a complete absence of evidence of a vital fact, (b)
the court is barred by rules of law or of evidence from giving weight to the
only evidence offered to prove a vital fact, (c) the evidence offered to prove
a vital fact is no more than a mere scintilla, or (d) the evidence conclusively
establishes the opposite of the vital fact.  See id. at 810;  Merrell
Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  The evidence
is legally sufficient if it would enable reasonable and fair-minded people to
reach the verdict under review.  City of Keller, 168 S.W.3d at 827.

B.        Conversion
Damages

            The
only evidence Dykes offered to prove reasonable cash market value of the ring
on May 15, 2006 in Harris County, Texas was his testimony that he purchased it for
$26,000 in December 2004 from a jeweler in Houston.  Dykes contends this testimony
regarding purchase price established market value at the time of conversion and
thus supported the jury’s award of a lower amount.  In contrast, Lee contends
this testimony was not evidence of market value at the time of conversion.

            Preliminarily,
we note that, under Texas law, “fair market value” is defined as “the price the
property will bring when offered for sale by one who desires to sell, but is
not obliged to sell, and is bought by one who desires to buy, but is under no
necessity of buying.”  Exxon Corp. v. Middleton, 613 S.W.2d 240, 246
(Tex. 1981);             Taiwan Shrimp Farm Village Ass’n v. U.S.A. Shrimp Farm
Dev., Inc., 915 S.W.2d 61, 71 (Tex. App.—Corpus Christi 1996, writ
denied) (applying similar definition in conversion case).  In the
present case, no legal definition of “reasonable cash market value” was submitted
to the jury, and neither party cites any portion of the record showing an objection
to lack of, or a request for, such a definition.  Additionally, the jury was
instructed, “[w]hen words are used in this charge in a sense that varies from
the meaning commonly understood, you are given a proper legal definition, which
you are bound to accept in place of any other meaning.”  Therefore, we measure
sufficiency of the evidence against the commonly-understood meaning of “reasonable
cash market value.”  See Osterberg v. Peca, 12 S.W.3d 31, 55
(Tex. 2000) (holding, when no objection is made to jury issue, sufficiency of
evidence is measured against charge given by court rather than some other
unidentified law).  

Nonetheless, we conclude that the commonly-understood meaning of “reasonable
cash market value” is similar to the legal definition of “fair market value”;
i.e., the amount the owner could realize on the “market.”  Accordingly, cases
addressing sufficiency of the evidence under the legal definition of “fair market
value” are persuasive in this case. See Kroger Co. v. Brown, 267 S.W.3d
320, 322–23 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing
cases considering sufficiency of evidence to support “disfigurement” finding under
legal definition despite reviewing jury finding of “disfigurement” under
commonly-understood meaning because legal definition and commonly-understood
meaning were similar).[2]

Several courts, including the Texas Supreme Court, have indicated that,
not only is purchase price generally inadmissible to prove subsequent market
value, but it does not constitute evidence of market value even if admitted.  In
Redman Homes, Inc. v. Ivy, 901 S.W.2d 676, 679 (Tex. App.—El Paso 1995),
rev’d, in part, on other grounds by Redman Homes, Inc. v. Ivy,
920 S.W.2d 664 (Tex. 1996), the owners of a mobile home sued the
manufacturer, alleging faulty wiring caused a fire which destroyed the home and
its contents.  The measure of damages for both the home and its contents was
the difference in market value of the property immediately before and after the
loss.  Id. at 685.  The defendant argued the evidence was legally and
factually insufficient to support the jury’s finding that the owners sustained
property damage totaling $79,000.  See id. at 685–86. 

The only evidence offered to prove value of the home immediately before
the fire was the owner’s testimony that he purchased it for $43,000 ten months
before the fire.  Id. at 685.  The court stated, 

The historical cost of the home, however, has little
bearing on its market value immediately before the fire.  Indeed,
purchase price is ordinarily not even admissible to show market value at a
particular later time. . . . Competent evidence of the value of the mobile home
will refer both to its market value, as defined above, and will reflect the
proper temporal specificity.

 

Id. (citing Rosenfield v. White,
267 S.W.2d 596, 601 (Tex. Civ. App.—Dallas 1954, writ ref’d n.r.e.); San
Antonio Publishing Servs. Co. v. Murray, 59 S.W.2d 851, 854 (Tex. Civ.
App.—Beaumont 1933, writ dism’d by 127 Tex. 77, 90 S.W.2d
830 (1936)).[3]

 Nevertheless, the jury was asked to assess aggregate damages for both
the home and its contents in a single issue, and the owners presented testimony
sufficient to establish  market value of the contents.  Id. at 685–86
& n.8.  Thus, the evidence was legally sufficient to support the jury’s
finding that the owners sustained some damages.  Id. at 686.  The
owners’ failure to present evidence of damages to the home factored into the
court’s factual-sufficiency analysis.  See id. at 686 & n.8.  The
court held the evidence was factually insufficient to support the damages award
of $79,000 because the contents were valued at only $46,605, but there was no
competent evidence regarding market value of the home.  See id.

When upholding the court of appeals’s legal-sufficiency conclusion, the Texas
Supreme Court stated, “[The defendant] argues, and the [owners] concede, that
his statements about the cost of the home were not admissible to show its
market value at the time of the loss.”  Redman Homes, 920 S.W.2d at 668
(citing Rosenfield, 267 S.W.2d at  601; Murray, 59 S.W.2d at 854).[4] 
We recognize the supreme court did not directly state that purchase price alone
is legally insufficient to establish market value of property at a later date.  See
id. at 668–69.  In fact, the court’s above-cited quote was framed as
though the case presented merely an issue on admission of evidence.  See
id. at 668.  However, the court of appeals expressly noted that the defendant
did not challenge admissibility of evidence regarding historical cost of the
home, but instead the only issue presented was sufficiency of evidence to
support the jury’s assessment of damages.  See Redman Homes, 901
S.W.2d at 685 n.6.  The supreme court implicitly recognized that the owners
presented no evidence regarding market value of the home because the court explained
it would be required to render judgment for the defendant, rather than
remand, if it determined the owners presented no evidence regarding market
value of the contents.  See Redman Homes, 920 S.W.2d at 668–69.[5]

Accordingly, we construe Redman Homes as authority from the Texas
Supreme Court that purchase price alone is legally insufficient to establish market
value of property at a later date.  See id.; see also Dolenz
v. Sorensen, No. 05-95-00447-CV, 1996 WL 729923, at *7–8 (Tex.
App.—Dallas Dec. 06, 1996, no writ.) (citing lower court’s Redman
Homes opinion when stating “[e]vidence of purchase price is not competent
evidence of market value” and holding testimony regarding previous cost of boat
did not constitute evidence of market value at time of trial); Winkle
Chevy-Olds-Pontiac, Inc. v. Condon, 830 S.W.2d 740, 745 n.5 (Tex.
App.—Corpus Christi 1992, writ dism’d) (noting, pre-Redman Homes,
that “Texas law holds the price the injured party paid for chattel is not
determinate of its fair market value for conversion purposes.”); 15 Tex. Jur. 3rd
Conversion § 69 (citing Condon and stating that generally measure of
compensatory damages for conversion is fair market value of property at time of
conversion and not “the price the plaintiff paid for the personalty”).

In contrast, Dykes asserts that we “need only look at” Burns v. Rochon,
190 S.W.3d 263 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  In Burns,
the court held that the owner’s testimony regarding the price he previously
paid for certain equipment was legally and factually sufficient to support the
trial court’s finding he sustained conversion damages in the same amount when
the defendant did not object to the testimony or present controverting evidence
of market value.  Id. at 271.[6]  Therefore, at
first glance, Burns supports Dykes’s position.  See id.  However,
we disagree that the authority cited therein supports the court’s holding.  The
court stated, “[i]n determining both fair market value and actual value, courts
have considered the purchase price paid by an owner, particularly when evidence
of the purchase price is neither objected to nor controverted.”  Id. at
270 (citing Wutke v. Yoltin, 71 S.W.2d 549, 552 (Tex. Civ. App.—Beaumont
1933, writ ref’d); Murray, 59 S.W.2d at 854).  In the cited cases, the
courts indeed considered the purchase price but did not hold that price was
alone sufficient to prove market value at a later date.

Specifically, the Wutke court concluded that evidence regarding
the amount the plaintiff paid for certain furniture several years before the
date of the conversion was admissible on the issue of actual value.  71 S.W.3d
at 552.  However, the court continued, 

When goods of this character are destroyed, a proper
method of arriving at their value at the time of loss is to take into
consideration the cost of the articles, the extent of their use, whether worn
or out of date, their condition at the time, etc., and for them to determine
what they were fairly worth.  The cost alone would not be the correct
criterion for the present value, but it would be difficult to estimate the
value of such goods, except by reference to the former price in connection
with wear, depreciation, change of style, and present condition.

 

Id. (emphasis added) (quoting Wells,
Fargo Express Co. v. Williams, 71 S.W. 314, 315 (Tex. Civ. App. 1902, no
writ)).

            In
Murray, the defendant apparently argued that the trial court erred by
permitting the plaintiff to testify regarding purchase price of his vehicle
three-and-a-half years before the accident in which it was damaged.  59 S.W.2d
at 854.  The court of appeals stated, “The general rule is that ‘testimony as
to the cost of or price paid by the owner for real or personal property is not
admissible on an issue as to its market value, especially when remote in point
of time, or where it was purchased at another place.’”  Id. (quoting 17
Tex. Jur. 442).  However, the court held this “proposition cannot avail” the
defendant because he did not object at trial on the ground the purchase was too
remote in time or place and his objection that the testimony was immaterial and
irrelevant lacked merit.  Id.

            The
Murray court’s holding is not exactly clear.  Although the court recited
the “general rule” that purchase price is inadmissible to prove market value,
it seemed to suggest price may be admitted to establish market value if the
opponent does not object on the ground the purchase was too remote in time or
place.  See id.[7]  Nevertheless,
the Murray court addressed only an admission-of-evidence issue and not a
legal-sufficiency challenge.  See id.  Further, although damages
were awarded based on market value of the vehicle, the court did not specify
whether any evidence in addition to purchase price was presented to establish
market value.  See id.[8]

Therefore, we respectfully disagree with the Burns court, as well
as some other courts, citing Murray for the proposition that purchase
price alone, if admitted without objection or uncontroverted, is legally
sufficient to prove an item’s market value at a later date.  See Burns,
111 S.W.3d at 270 (citing Murray, 59 S.W.3d at 854); see also Marley
v. Wallace, No. 12-01-00225-CV, 2002 WL 31761150, at *2–3 (Tex. App.—Tyler Dec.
11, 2002, no pet.) (not designated for publication) (citing Murray when
stating purchase price may be related “tenuously” to market value at a later
time, but when admitted without objection, it alone provides more than a
scintilla of, and is the most probative, evidence of market value); Blanken v. Krasoff, No. 03-00-00541-CV,
2001 WL 838436, at *2–3 (Tex. App.—Austin July 26, 2001, no pet.) (not designated for publication) (same).

 

Additionally, we decline to follow these cases because their holdings are
contrary to Redman Homes.  In Redman Homes, by indicating the
owners’ testimony regarding purchase price was not evidence of subsequent
market value of the home, despite no challenge to admission of the testimony
and apparently no controverting evidence, the supreme court effectively negated
the reasoning that purchase price is probative of market value if admitted
without objection or uncontroverted.  See Redman Homes, 920 S.W.2d at
668–69.

Moreover, we disagree with the suggestion in Burns and similar
cases that evidence is necessarily legally-sufficient to support a certain
element of a claim simply because it is admitted without objection or is uncontroverted. 
See Burns, 111 S.W.3d at 270; Marley, 2002 WL 31761150, at *2–3; Blanken, 2001 WL 838436, at
*2–3.  We recognize
that inadmissible evidence does not necessarily lose its probative value if
admitted without objection.  See, e.g., Tex. R. Evid. 802 (“Inadmissible
hearsay admitted without objection shall not be denied probative value merely
because it is hearsay.”).  However, it does not follow that inadmissible
evidence is necessarily probative if it is admitted without objection or is
uncontroverted.  See Porras v. Craig, 675 S.W.2d 503, 505 (Tex. 1984)
(“Irrelevant evidence, even when admitted without objection, will not support a
judgment.”).

Even if we did not construe Redman Homes as Texas Supreme Court
authority for the proposition that purchase price is alone legally insufficient
to prove market value at a later date, we would nevertheless follow the courts
of appeals, including the lower Redman Homes court, which have reached
this conclusion.  See Redman Homes, 901 S.W.2d at 685–86; Dolenz,
1996 WL 729923, at *7–8; Condon, 830 S.W.2d at 745 n.5.  Quite
simply, it is not axiomatic that a plaintiff can sell property for the same
amount at which he purchased it.  Consequently, we reject Dykes’s argument that
he proved the market value of the ring on the date of conversion was $26,000
and thus we may uphold the jury’s award of any amount equal to or less than
$26,000.  

Moreover, we acknowledge that the jury did not decide the purchase price
represented the market value at the time of conversion because it awarded
$13,000 rather than $26,000.  However, assuming that $26,000 even represented
market value at the time of purchase, there was no evidence regarding the dollar
amount attributed to any depreciation between the purchase and the date of
conversion.  We recognize that the ring may not have depreciated by half its
market value, or may have even appreciated in market value, during this
period.  However, we also cannot foreclose the possibility the ring depreciated
by even more than $13,000 during this period.  Consequently, the jury’s finding
that market value of the ring one-and-a-half years after purchase was half the
price was an assumption unsupported by any evidence.

Finally, the Burns court also cited, and Dykes reiterates, the
“well-settled” general rule that a property owner may opine regarding the value
of his own property.  Burns, 190 S.W.3d at 270–71; see Porras, 675 S.W.2d at 504.  However, this rule is inapplicable
here because Dykes did not testify regarding the value of the ring.  Rather, he
testified regarding only purchase price which, for the reasons we have
discussed, was legally insufficient to establish market value at the time of
conversion.  See Dolenz, 1996 WL 729923, at *7–8 (reciting
rule that owner can testify regarding market value of property while also
recognizing purchase price is not evidence of market value).  Accordingly,
we sustain Lee’s second issue, and we need not consider her third issue,
challenging factual sufficiency of the evidence to support the conversion
damages.

We reverse the portion of the $123,000 monetary judgment that consists of
$13,000 for conversion damages and render judgment that Dykes take nothing on
his conversion claim.  We affirm the remainder of the judgment.

 

 

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Sullivan.









[1] Lee does not challenge the equitable relief relative to the $110,000
expended by Dykes on the real property; she appeals only the award of monetary
damages. 





[2] We note that courts use various terms such as “market value,” “fair
market value,” and “cash market value,” but these terms are synonymous.  See
Panola County Appraisal Dist. v. Panola County Fresh Water Supply Dist.
Number One, 69 S.W.3d 278, 282 n.2 (Tex. App.—Texarkana 2002, no
pet.).  Therefore, for
consistency, in the remainder of our discussion, we will refer to “market
value” relative to both this case and other cases cited herein.





[3] The court had previously set forth the same definition of “market
value” that we have recited.  Redman Homes, 901 S.W.2d at 685.   





[4] Although the supreme court affirmed the court of appeals on all
substantive issues, the supreme court reversed the court of appeals’s judgment because
it improperly remanded for a new trial on only damages instead of both liability
and damages.  Redman Homes, 920 S.W.2d at 669–70.





[5] We also note the supreme court framed the above-cited
pertinent quote as merely reciting the defendant’s argument, and the owners’
concession, that purchase price is inadmissible to prove market value.  See
Redman Homes, 920 S.W.2d at 668.  However, the court also cited
authority supporting its statement, thus indicating it agreed with the point
conceded.  See id.  More importantly, the court’s explanation
that there would be no evidence of damages if the evidence were insufficient to
prove value of the contents demonstrated the court not only agreed with the concession
but also deemed price insufficient to prove market value of the home.  See
id. at 668–69.

 





[6] The court also mentioned that the owner presented testimony concerning
revenues generated by the converted equipment.  Burns, 111 S.W.3d at
271.  However, the court then stated that evidence of purchase price was
legally and factually sufficient to support the jury’s assessment of damages.  Id.






[7] However, some courts have cited Murray as authority that
purchase price is generally inadmissible to establish market value without any
qualification based on whether the purchase was remote in time or place to the
operative date for establishing market value.  See, e.g., Redman
Homes, 920 S.W.2d at 668; Taiwan Shrimp Farm Village Ass’n, 915
S.W.2d at 71.





[8] The court of appeals’s opinion is not clear regarding the reason it
concluded that evidence of purchase price was material and relevant because it
did not mention the basis on which the plaintiff proved damages relative to the
vehicle.  See Murray, 59 S.W.2d at 851–54.  However, the Texas
Supreme Court’s opinion dismissing the defendant’s writ of error reflects that
the jury was asked to determine “reasonable market value” of the vehicle before
and after the collision.  Murray, 90 S.W.2d at 831.