John SHARP, Comptroller of Public Accounts of the State of Texas; Dan Morales, Attorney General of the State of Texas; and Martha Whitehead, Treasurer of the State of Texas, Appellants,

v.

HOBART CORPORATION and Premark FEG Corporation, Appellees.

No. 03–97–00018–CV.

Court of Appeals of Texas, Austin.

Dec. 4, 1997.

Rehearing Overruled Jan. 23, 1998.

Dan Morales, Atty. Gen., William E. Storie, Asst. Atty. Gen., Taxation Division, Austin, for Appellants.

James F. Martens, Stahl, Martens & Bernal, L.L.P., Austin, for Appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

CARROLL, Chief Justice.

This is a dispute over franchise taxes the Comptroller of the State of Texas assessed against both Hobart Corporation and Premark FEG Corporation, appellees. The trial court ordered a refund to Premark FEG Corporation and the Comptroller[1] appeals. We will affirm the judgment of the trial court.

## BACKGROUND

Before December 30, 1989, Premark FEG Corporation did business in Texas under the name "Hobart Corporation." On that date, Premark stopped doing business in Texas, transferred all its assets and liabilities to a new corporation, and became a holding company for the new corporation. The new corporation took up Premark's business in Texas as of January 1, 1990. For simplicity, we will refer to Premark as "Old Hobart" and the new corporation as "New Hobart."

In early 1990, the Comptroller assessed franchise taxes against *both* Old Hobart and New Hobart for the privilege of doing business in Texas during the tax period that began in 1990.[2] *See generally* Tex. Tax Code Ann. §§ 171.001—.687 (West 1992 & Supp.

---

1. The appellants in this lawsuit are the Comptroller, Treasurer, and Attorney General of the State of Texas. The corporations presumably sued them because the Texas Tax Code provides that a taxpayer suing for a refund of taxes paid must sue both the Comptroller and the Attorney General, and may sue the Treasurer as well. *See* Tex. Tax Code Ann. § 112.151 (West 1992). For simplicity, we will refer to appellants collectively as "the Comptroller."

2. The tax periods applicable to Old Hobart and New Hobart were different but overlapped. Because Old Hobart was an established corporation in Texas, its tax period ran from May 1, 1990 to April 30, 1991. *See* Act of May 31, 1981, 67th Leg., R.S., ch. 389, § 1, 1981 Tex. Gen. Laws 1490, amended by Act of April 2, 1985, 69th Leg., R.S., ch. 31, § 5, 1985 Tex. Gen. Laws 405 (Tex. Tax Code Ann. § 171.151, since amended). In contrast, because New Hobart was a new corporation, its first tax period ran from the first date it did business in Texas, January 1, 1990, to the day before the anniversary of that date, December 31, 1990. *Id.*

1997).[3] Both corporations paid the tax but sought a refund.[4] The Comptroller denied the claim for refund and overruled the ensuing motion for rehearing.

Both corporations sued in district court, alleging the imposition of franchise tax on both Old Hobart and New Hobart for 1990 violated: (1) the due process clauses of the U.S. and Texas Constitutions; (2) the commerce clause of the U.S. Constitution; (3) the equal protection clauses of the U.S. and Texas Constitutions; (4) the equal and uniform taxation clause of the Texas Constitution, and (5) the franchise tax provisions of the Texas Tax Code. *See* U.S. Const. art. I, § 8, amends. V, XIV; Tex. Const. art. I, §§ 3, 19, art. VIII, § 1; Tex. Tax Code Ann. §§ 171.001—.687. The corporations sought a refund of tax, a declaration of the validity and meaning of several provisions of the Texas Tax Code pursuant to the Uniform Declaratory Judgments Act, and attorneys' fees pursuant to that Act. *See* Tex Tax Code Ann. § 112.151; Tex.Rev.Civ. Prac. & Rem. Code Ann. §§ 37.001—.011 (West 1997).

Old Hobart based its arguments in part on its assertion that it had no "nexus" or "minimum contacts" with the State of Texas for the tax period beginning in 1990. Old Hobart noted that during that tax period it did no business in Texas. The Comptroller argued that fact was insignificant because Old Hobart held a certificate of authority to do business in Texas during the tax period. The Comptroller reasoned that the State may tax the mere *privilege* of doing business in Texas and that the certificate embodied Old Hobart's taxable privilege.

In response, Old Hobart alleged it attempted to withdraw its certificate of authority to do business before the tax period beginning in 1990. The record contains some evidence suggesting that Old Hobart filed its application before the period began but the State failed to grant its application for withdrawal before the period began because of confusion about the existence of two corporations associated with the name "Hobart." The files of the Secretary of the State of Texas, however, reflect that Old Hobart's application was filed (and certificate withdrawn) in October 1990, many months *after* the tax period began.

After a bench trial, the court ruled that Old Hobart was due a refund for franchise taxes it paid for the period beginning in 1990. The court denied the request for attorneys' fees. The court did not make findings of fact and conclusions of law.[5] The State appeals the ruling in four points of error, attacking all possible legal bases for the trial court's ruling. The corporations assert two cross-points regarding the denial of attorneys' fees.

Because the court did not make findings of fact and conclusions of law, we must uphold the judgment on any valid legal theory supported by the evidence. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984). We have found evidence in the record that supports one of the theories advanced before the trial court; therefore, we will affirm the judgment.

## DISCUSSION

In its fourth point of error, the State contends the evidence is both factually and legally insufficient to support a determina-

---

3. The tax laws applicable to this proceeding are those in effect before the 1991 amendments to the Tax Code. We will cite to the current code except where the 1991 amendments substantively changed the applicable law.

4. Old Hobart sought a refund first and its claim was denied. New Hobart then protested paying tax for the period of time for which Old Hobart had already paid (beginning May 1, 1990). Consequently, both Old Hobart and New Hobart seek a refund, but they assert their claims in the alternative. Both corporations concede that at least one should be liable for tax assessed during the tax period beginning in 1990.

5. The court made oral comments from the bench and included certain language in the order that suggests the basis for the judgment. The oral comments do not constitute findings of fact and conclusions of law. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984). Neither does the language in the judgment. Tex.R. Civ. Pro. 297. The Comptroller did request findings of fact and conclusions of law after the court rendered its judgment; but the Comptroller did not file a notice of past due findings and conclusions when the court failed to make them. The Comptroller, therefore, waived his request. *Las Vegas Pecan & Cattle Co. v. Zavala County*, 682 S.W.2d 254, 255 (Tex.1984).

tion that Old Hobart sought to withdraw its certificate of authority before the beginning of its 1990 tax period. In assessing the legal sufficiency of the evidence, we consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *E.g., Alm v. Aluminum Co. of Am.,* 717 S.W.2d 588, 593 (Tex.1986), *cert. denied,* 498 U.S. 847, 111 S.Ct. 135, 112 L.Ed.2d 102 (1990). In determining the factual sufficiency of the evidence, we consider and weigh all the evidence and set aside the judgment only if the evidence is so weak as to be clearly wrong and unjust. *E.g., Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986).

The record contains evidence both supporting and contradicting the trial court's determination. The parties stipulated to allow certain documents in evidence.[6] Among those documents is a letter from a representative of Old Hobart stating Old Hobart filed its application for withdrawal with the State before the beginning of the 1990 tax period. Also among those documents is a letter from Old Hobart's agent to Old Hobart stating the agent "initiated the process to withdraw [Old Hobart] from all states including the state of Texas [before the beginning of the 1990 tax period]." The record does contain some documents suggesting Old Hobart may not have applied to withdraw before the beginning of the tax period, including a copy of Old Hobart's official application to withdraw. That document bears a file-mark date of October 15, 1990, more than five months after the beginning of the tax period. Old Hobart produced nothing with a pre-May 1 postmark and produced no witness purporting to have personally dispatched or delivered the application before that date. By the same token, however, the State produced no witness who would deny that the application was tendered for filing before the beginning of the tax period.

In short, the evidence conflicts. Some evidence, when viewed in the light most favorable to the judgment, supports the court's apparent determination. Furthermore, we do not believe the determination that Old Hobart attempted to withdraw before the tax period began was against the overwhelming weight of the evidence. We, therefore, conclude that the evidence is legally and factually sufficient to support a determination that Old Hobart attempted to withdraw in time and that the State delayed the withdrawal until after the tax period began. Accordingly, we overrule the State's fourth point of error.

■ In its first point of error, the State contends the imposition of franchise tax on Old Hobart does not violate the commerce clause of the U.S. Constitution. *See* U.S. Const. art. I, § 8. A state tax does not violate the commerce clause if it: (1) is applied to an activity with a substantial nexus with the taxing State; (2) is fairly apportioned; (3) does not discriminate against interstate commerce; and (4) is fairly related to the services provided by the State. *Complete Auto Transit, Inc. v. Brady,* 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977). Based on our resolution of the Comptroller's fourth point of error, we conclude that the tax imposed in this case does not meet the requirements of the *Complete Auto* test.

In light of the facts of this case, the Comptroller is not taxing an activity that has a substantial nexus with Texas. The Comptroller does not contend Old Hobart has a physical presence in the State or that it conducts business in the State. Instead, the Comptroller relies wholly on its assertion that Old Hobart holds a certificate of authority to conduct business in the State. We need not discuss whether a certificate of authority alone constitutes enough of a nexus to satisfy the *Complete Auto* test, because the evidence supports the conclusion that Old Hobart took affirmative acts to sever its last semblance of a nexus with the State of Texas by withdrawing its certificate of authority before the 1990

---

6. The Comptroller objects on appeal to the use of the documents as evidence supporting the trial court's judgment. The Comptroller argues the documents contain hearsay and are "incompetent" evidence. The Comptroller did not object to the trial court's reliance on the documents.

In fact, the Comptroller stipulated to the admission of the documents in evidence. If a party fails to object to the hearsay status of evidence at trial, the party waives its objection and does not preserve it for appeal. Tex.R.App. P. 33.1 (formerly Rule 52(a)).

tax period began. In light of that fact, we hold the requisite nexus was absent and the imposition of franchise tax on Old Hobart for the 1990 tax period violated the commerce clause of the U.S. Constitution. The trial court's judgment is supportable on this ground alone. We overrule the Comptroller's first point of error and need not address the Comptroller's other points attacking other possible bases for the trial court's ruling.

■ In its two cross-points of error, Old Hobart asserts the trial court erred in denying its request for attorneys' fees. Old Hobart purports to know the basis of the court's denial based on the court's oral statements from the bench and the language of the judgment. As discussed above, the court's comments and the language of the order do not constitute formal findings of fact and conclusions of law. We do not, therefore, assume the court denied Old Hobart's request for attorneys' fees for the reason Old Hobart suggests. We may uphold the denial on any legal theory supported by the evidence. *W.E.R.*, 669 S.W.2d at 717.

■ We will assume without deciding, for the purpose of disposing of this issue, that Old Hobart had statutory authority to seek attorneys' fees. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (allowing court discretion to award attorneys' fees in declaratory judgment action). *But see* Tex. Tax Code Ann. § 112.108 (West Supp.1997) (effective Jan. 1, 1996) (court may not award attorneys' fees to prevailing party in declaratory judgment action concerning construction of Tax Code). A prevailing party in a declaratory judgment action is not entitled to attorneys' fees simply as a matter of law; entitlement depends upon what is equitable and just and the trial court's power is discretionary in that respect. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). Without findings of fact establishing the basis for the trial court's exercise of discretion, we cannot conclude as a matter of law that the court abused its discretion in declining to award attorneys' fees. *Unified Loans, Inc. v. Pettijohn*, 955 S.W.2d 649, 654–55, (Tex.App.—Austin 1997, no pet. h.). We, therefore, overrule both of Old Hobart's crosspoints of error.

## CONCLUSION

We have held the evidence supports the conclusion that Old Hobart affirmatively attempted to withdraw its certificate of authority and that the commerce clause of the U.S. Constitution prohibits the imposition of franchise taxes under those circumstances. We have further held that the record does not establish that the court abused its discretion in denying Old Hobart its attorneys' fees. Accordingly, we affirm the judgment of the trial court.