TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00541-CV






Joseph Blanken, Appellant



v.



Suzan Krasoff, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY,


NO. 247,355 HONORABLE ORLINDA NARANJO, JUDGE PRESIDING







 Joseph Blanken appeals a judgment from a non-jury trial awarding Suzan Krasoff
$13,541.83 in damages for Blanken's conversion of her personal property. Blanken contends that
the award was supported by insufficient evidence and that equity requires reversal of this judgment. 
We will affirm the judgment.

 Krasoff and Blanken were friends for several years before the events underlying this
case occurred. It is undisputed that Blanken had items belonging to Krasoff in his home. Whether
he was entitled to keep them is the basis of the underlying dispute.

 Krasoff experienced financial difficulties and borrowed money from Blanken in 1995. 
She testified that she originally owed him $1300, comprising $900 cash, a $100 contribution to a gift
on her behalf, and $160 to cremate her dog, with the remaining $140 a catch-all from her gratitude;
she says there was no agreement to pay interest. She claims she repaid about $500 of the loan. By
1997, she had filed for bankruptcy protection. She did not seek to have her debt to Blanken
discharged. 

 When Krasoff accepted employment requiring her to be away from Austin for seven
weeks out of every eight, she placed her belongings into storage. She testified that she had hoped
to sublease a room for $300 per month in a house that Blanken himself was going to rent, but balked
when he demanded $500. (Blanken contends Krasoff originally agreed to sublease the room for
$500 per month, but backed out after he paid the $2500 deposit to secure his lease; he claims her
share of the deposit and a year's rent totaled $7250.) She removed her stereo from storage for
Blanken's use, then later sent him a key to the storage unit so he could retrieve the stereo's master
control panel. Later, on a visit to Austin, she was alarmed to find many of her belongings from the
storage unit throughout Blanken's house. She says that although she did not give him permission
to remove the items from storage, she let him retain the items while she was traveling with her job. 
In late 1998, Krasoff obtained new employment that did not require travel. She demanded that
Blanken return all of her property and, in January 1999, attempted to retrieve it. Blanken refused
to surrender the items, stating that she could reclaim them when she repaid her debts to him.

 Blanken asserts that Krasoff's debt to him was much greater than $1300 and that she
agreed to let him use her belongings until she "repurchased" them by repaying the debt. In addition
to the $7250 from the aborted room rental and the loan, which he contends was for $1600 plus
accrued interest of $800, Blanken claims $675 for stereo repairs and $160 for the dog cremation. 
At various times, he claimed a total debt of between $10,485 and $12,000. Blanken contends that
Krasoff agreed to let him use her belongings until she repaid the debt. Because she never repaid the
debt, he kept her property.

 The county court at law held that Blanken was not entitled to keep Krasoff's
belongings against her will and that he converted her property in January 1999 when he refused to
return the property to her. The court ordered him to return some of the property to her, and to
compensate her for the remainder, which the court valued at $14,341.83. (1) The court offset that
award by $800 that she found to be the amount of Krasoff's unpaid debt to Blanken. On Blanken's
request, the court filed findings of fact and conclusions of law in support of the judgment. Blanken
moved for a new trial, raising essentially the grounds brought forward in this appeal. After a hearing,
the court denied the motion.

 "Conversion is the 'wrongful exercise of dominion and control over another's
property in denial of or inconsistent with his rights.'" Elite Towing, Inc. v. LSI Fin. Group, 985
S.W.2d 635, 645 (Tex. App.--Austin 1999, no pet.) (quoting Bandy v. First State Bank, 835 S.W.2d
609, 622 (Tex. 1992)). On appeal, Blanken does not challenge the finding that he converted
Krasoff's property. Instead, he focuses on the damage award.

 By his first three issues on appeal, Blanken argues that Krasoff did not present
sufficient admissible evidence to support the judgment. He contends by his first issue that Krasoff
failed to present evidence of the current market value of her converted property. By a second issue,
he asserts that the judgment is supported by no or insufficient evidence. He contends by his third
issue that the damages awarded are too large.

 Blanken's first issue argues that Krasoff did not meet her burden to prove the fair
market value of the items at the time of the conversion. If the plaintiff in a conversion action elects
to recover the value of the property, actual damages are determined by the fair market value at the
place and time of conversion. United Mobile Networks, L.P. v. Deaton, 939 S.W.2d 146, 147-48
(Tex. 1997); Imperial Sugar Co., v. Torrans, 604 S.W.2d 73, 74 (Tex. 1980). Purchase price is
ordinarily not admissible to show market value at a particular later time. Redman Homes, Inc. v. Ivy,
920 S.W.2d 664, 668-69 (Tex. 1996) (citing Rosenfield v. White, 267 S.W.2d 596, 601 (Tex. Civ.
App.--Dallas 1954, writ ref'd n.r.e.); San Antonio Pub. Serv. Co. v. Murray, 59 S.W.2d 851, 854
(Tex. Civ. App.--Beaumont 1933) (opinion adopted by 90 S.W.2d 830 (Tex. 1936))). But the
inadmissibility must be brought to the trial court's attention by proper objection. See Tex. R. App.
P. 33.1(a); Tex. R. Evid. 103; Sharp v. Hobart Corp., 957 S.W.2d 650, 653 n.6 (Tex. App.--Austin
1997, no pet.); Rendleman v. Clarke, 909 S.W.2d 56, 58 (Tex. App.--Houston [14th Dist.] 1995,
writ dism'd). In Murray, for example, the defendant objected that the plaintiff's testimony about
purchase price was irrelevant and immaterial to prove market value; the court of appeals held that
this objection did not preserve an appellate complaint that the evidence was inadmissible because
the purchase was remote in time and place from the contemporary market. 59 S.W.2d at 854. The
court affirmed the damage award. Id.

 Blanken challenges Krasoff's proof of the market value of the converted items. 
Krasoff provided no expert testimony regarding the current market value of any of the items. Instead
she offered the original price of some items purchased in 1984 or 1985 (Bang & Olufsen stereo,
lamp, wall sconces), the current replacement cost of other items purchased around the same time
(pigskin chairs, Lalique vases, crystal decanters), the current replacement cost of a television and a
pedestal lamp purchased at an unspecified time, and her estimate of the value of a Herman Miller
desk and chair. Blanken did not object at trial to Krasoff's testimony or the documentary evidence
she presented supporting it. He therefore failed to preserve his objection to the admissibility of the
evidence of value and cannot raise it on appeal. (2)
 See Tex. R. App. P. 33.1(a); Tex. R. Evid. 103. 
Thus, the trial court properly considered evidence of the purchase price in determining market value
at the time of the conversion.

 In a nonjury trial, the court assesses the credibility of the witnesses and may accept
or reject the testimony of any witness in whole or in part; although we may not have reached the
same findings, we may not substitute our judgment for that of the trial court. Moore v. Office of Atty.
Gen., 820 S.W.2d 874, 876-77 (Tex. App.--Austin 1991, no writ). A property owner can testify to
the value of her property. See Redman Homes, 920 S.W.2d at 669; Porras v. Craig, 675 S.W.2d
503, 504 (Tex.1984). To review the evidence under a no-evidence point, we consider all the
evidence in the light most favorable to the prevailing party, including every reasonable inference in
that party's favor. Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex.
1998); Transportation Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex. 1994); Best v. Ryan Auto Group,
Inc., 786 S.W.2d 670, 671 (Tex. 1990). We will uphold the finding if more than a scintilla of
evidence supports it. Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995); Seideneck
v. Cal Bayreuther Assocs., 451 S.W.2d 752, 755 (Tex. 1970); In re King's Estate, 244 S.W.2d 660,
661 (Tex. 1951). The evidence supporting a finding is more than a scintilla if reasonable minds
could arrive at the finding given the facts proved in the particular case. See Crye, 907 S.W.2d at
499; Moriel, 879 S.W.2d at 25. With regard to factual-sufficiency challenges, we consider all the
evidence and uphold the jury's verdict unless we find that (1) the evidence is too weak to support
the finding, or (2) the finding is so against the overwhelming weight of the evidence as to be
manifestly unjust. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965); Westech Eng'g, Inc. v.
Clearwater Constructors, Inc., 835 S.W.2d 190, 196 (Tex. App.--Austin 1992, no writ).

 Krasoff's evidence of the value of the converted items was unchallenged at trial. 
Blanken did not present rival valuations, nor did he present evidence regarding any decline in value
of the property. Though he decries Krasoff's bare declaration that crystal does not decline in value,
there is no evidence that her claim is false. He presented evidence that he did not possess the antique
martini shaker and the cookware Krasoff alleged he converted. The total of all the values Krasoff
presented is $20,294.96. When asked directly, Krasoff claimed a total of $19,951. Less her stated
value of the items returned, Krasoff valued the converted items at $16,338.96. (3)

 The court awarded damages of $14,341.83 before offsetting the unpaid $800 debt. 
This amount is almost $2,000 less than the sum of Krasoff's valuations of the converted items--a
reduction of more than twelve percent. Although the purchase price of personal property may be
tenuously related to the market value of that property, we hold that, when it is admitted without
objection, it provides more than a scintilla of evidence of market value. When purchase price is the
only evidence admitted regarding value, it is the most probative evidence; the same is true of
evidence of the replacement cost of used items. The county court at law did not have to give
credence to Krasoff's evidence, but we cannot say that she erred by doing so. The court awarded less
than the total of the values Krasoff presented; we cannot say that this award was either against the
great weight of the evidence or manifestly too large.

 By his fourth issue, Blanken contends that he is entitled to a new trial on equitable
grounds. He bases this contention on the disparity between Krasoff's testimony in this case about
the value of her property and a schedule that she filed in her bankruptcy in which she swore that all
of her household goods and art were not worth more than $3,575. Blanken points out that this
schedule includes many items not included in this case, but also excludes many items listed here;
Blanken does not claim that Krasoff did not own the items omitted from her bankruptcy schedule.

 Equity does not require a new trial based on Krasoff's representations in the
bankruptcy schedule. Blanken has not challenged the finding that he converted Krasoff's property;
this wrongdoing weighs against granting him equitable relief. Further, Blanken has not shown that
he was unfairly prevented from using the bankruptcy schedule at the original trial. A court may in
its discretion grant a new trial based on newly discovered evidence if the movant shows he has
discovered new evidence that had been diligently sought but not discovered before trial, is not
cumulative, and will probably produce a different result on retrial. Jackson v. Van Winkle, 660
S.W.2d 807, 809 (Tex. 1983). Blanken did not show that his failure to discover the bankruptcy
schedule before trial was not due to lack of due diligence; rather, the record showed that the
bankruptcy occurred in 1997, Blanken knew about the bankruptcy before trial, and yet Blanken did
not use the evidence in the May 2000 trial of this case. Further, it appears Blanken seeks only to
impeach Krasoff's valuations with her valuations in the bankruptcy schedule. This does not compel
a new trial. See Dankowski v. Dankowski, 922 S.W.2d 298, 305 (Tex. App.--Fort Worth 1996, writ
denied). Finally, Krasoff's failure to list some items on the bankruptcy schedule sharply diminishes
its usefulness for assessing her valuation of her belongings in this case. The bankruptcy schedule
does not demonstrate that the award is manifestly unjust. The court did not abuse her discretion by
denying the motion for new trial.

 We resolve all the issues in favor of the judgment. We affirm the judgment.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: July 26, 2001

Do Not Publish

1. Krasoff evaluated the items as follows: 


 Non-returned items: Returned items:


 stereo $6101.13 crystal lamps $1070.

 pigskin chairs 3141.84 Baccarat vases 650.

 cookware 1063. 530.

 Lalique vases 2830. Lalique vase 900.

 765. crystal decanters* 298.

 television 599.99 298.

 lamp 200. pedestal with light 210.

 wall sconces 408. $3956.

 crystal decanters* 200.

 215. >The returned Ansel Adams prints were not evaluated.

 215. >A missing antique martini shaker was not evaluated,

 desk and chair 600. returned, or included in the damage award.

 $16,338.96 



 SUM OF ALL VALUED ITEMS: $20,294.96


* The order does not specify which decanters were returned. For purposes of this analysis, we will
assume, unless otherwise noted, that the more valuable ones were returned.
2. Though Blanken represented himself at trial, we hold him to the same standard as all litigants. 
See In re Estate of Dilasky, 972 S.W.2d 763, 766 (Tex. App.--Corpus Christi 1998, no pet.);
Greenstreet v. Heiskell, 940 S.W.2d 831, 834 (Tex. App.--Amarillo 1997, no writ).

3. That figure swells by $181 to $16,519.96 if we consider the evidence most favorable to the
verdict by assuming that the higher-priced decanters were not returned.


own that
he was unfairly prevented from using the bankruptcy schedule at the original trial. A court may in
its discretion grant a new trial based on newly discovered evidence if the movant shows he has
discovered new evidence that had been diligently sought but not discovered before trial, is not
cumulative, and will probably produce a different result on retrial. Jackson v. Van Winkle, 660
S.W.2d 807, 809 (Tex. 1983). Blanken did not show that his failure to discover the bankruptcy
schedule before trial was not due to lack of due diligence; rather, the record showed that the
bankruptcy occurred in 1997, Blanken knew about the bankruptcy before trial, and yet Blanken did
not use the evidence in the May 2000 trial of this case. Further, it appears Blanken seeks only to
impeach Krasoff's valuation