In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-134 CV


____________________



KHALID MAHMOOD, M.D., Appellant


 

V.



HILAL M. FANASCH, M.D., Appellee






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-173,506






MEMORANDUM OPINION


 Appellant Khalid Mahmood, M.D., filed a declaratory judgment action against
appellee Hilal M. Fanash, M.D., seeking a declaration that a covenant not to compete
contained in the parties' employment agreement was "void and unenforceable as a matter of
law." Fanasch counterclaimed and sought a temporary restraining order and permanent
injunctive relief prohibiting Mahmood from violating the covenant not to compete. The trial
court entered a temporary restraining order against Mahmood. After trial on the merits, the
trial court entered a permanent injunction prohibiting Mahmood from continuing his
employment with U.S. Oncology/Texas Oncology, P.A. or directly or indirectly establishing,
maintaining, or locating an office for the practice of hematology/oncology within a thirty-mile radius of Fanasch's office. The injunction extends until October 31, 2006. The trial
court also rendered judgment in favor of Fanasch on his counterclaim and ordered that
Mahmood take nothing. Mahmood filed this appeal. We reverse and remand.

The Record


 Fanasch, a physician specializing in hematology and oncology, entered into an
agreement to employ Mahmood, another such physician. After Mahmood had worked for
Fanasch for one year, Fanasch decided not to extend an offer of partnership but offered
Mahmood a new employment contract. Mahmood did not sign the proposed contract, and
he subsequently entered into an employment agreement with Texas Oncology. 

 The parties stipulated to the following: if the covenant not to compete is valid,
Mahmood breached the employment contract; Mahmood received access to patients, patient
information, and information regarding Fanasch's methods of practice because of his
employment with Fanasch; the trial court could decide the issue of whether Mahmood's
subsequent employment detrimentally impacted Fanasch's medical practice; and both parties'
attorney's fees were reasonable. 

 The trial court found that the employment agreement is enforceable; Mahmood
breached the agreement when he began his employment at Texas Oncology; Mahmood's
employment provided him with access to information he would not otherwise have received
regarding patients and Fanasch's methods of practice; Mahmood's employment with Texas
Oncology detrimentally impacted Fanasch's business, goodwill, and medical practice; the
covenant not to compete is ancillary to or part of an otherwise enforceable agreement; and
the limitations as to time and geographical area are reasonable and do not impose a greater
restraint than is necessary to protect the goodwill or other business interest of Fanasch. The
trial court also permanently enjoined Mahmood from violating the covenant not to compete. 
We will discuss Mahmood's issues one, two, and seven, as they are dispositive.

Standard of Review


 We review the trial court's order granting permanent injunctive relief under an abuse
of discretion standard. Operation Rescue-Nat'l v. Planned Parenthood of Houston &
Southeast Tex., Inc., 975 S.W.2d 546, 560 (Tex. 1998). A trial court abuses its discretion if
it acts without reference to any guiding rules and principles or reaches a decision so arbitrary
and unreasonable as to amount to a clear and prejudicial error of law. Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); Beaumont Bank, N.A. v. Buller, 806 S.W.2d
223, 226 (Tex. 1991) (quoting Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)). The trial court has no discretion in determining what the law is or applying
the law to the facts. Walker, 827 S.W.2d at 840. 

Mahmood's Issues


 In his first issue, Mahmood argues the trial court erred in holding the covenant not to
compete complied with Texas law. In his second issue, Mahmood contends the trial court
erred in holding that the covenant not to compete was ancillary to or a part of an otherwise
enforceable agreement at the time the Agreement was made. We address issues one and two
together.

 Whether a covenant not to compete is enforceable is a question of law. Light v. Centel
Cellular Co. of Tex., 883 S.W.2d 642, 644 (Tex. 1994). A covenant not to compete is
enforceable if it is ancillary to or part of an otherwise enforceable agreement at the time the
agreement is made to the extent that it contains limitations as to time, geographical area, and
scope of activity to be restrained that are reasonable and do not impose a greater restraint
than is necessary to protect the goodwill or other business interest of the promisee. Tex.
Bus. & Comm. Code Ann. § 15.50(a) (Vernon 2002). 

 We must first determine if there is an otherwise enforceable agreement to which the
covenant not to compete is either ancillary or a part of at the time this agreement was made. 
Light, 883 S.W.2d at 644. Consideration for a promise not to compete cannot be dependent
on a period of continued at-will employment. Id. "Such a promise would be illusory because
it fails to bind the promisor who always retains the option of discontinuing employment in
lieu of performance." Id. at 645. However, "otherwise enforceable agreements" can result
from at-will employment if the consideration for the promise is not illusory. Id.

 The parties agree that the employment agreement was terminable by either party
without cause upon sixty days' written notice, making Mahmood an employee at-will. See
Anderson Chem. Co., Inc. v. Green, 66 S.W.3d 434, 439 (Tex. App.--Amarillo 2001, no pet.)
(Provision requiring notice before termination does not support a covenant not to compete.). 
Therefore, the covenant not to compete must be supported by consideration that is not
illusory. Id. 

 Fanasch contends Mahmood's stipulation in the employment agreement that the
covenant not to compete is ancillary to or part of Mahmood's agreement to perform services
is controlling. According to Fanasch, the parties also stipulated that Fanasch's employment
of Mahmood provided Mahmood information regarding Fanasch's patients, former patients,
and methods of practice that he would not have received but for such employment, and
Mahmood's employment therefore gives rise to Fanasch's interest in obtaining the covenant
not to compete. We disagree. 

 Although the parties stipulated that Mahmood received information during his
employment that he would not otherwise have received, the employment agreement neither
prohibits Mahmood from disclosing this information, nor contains any promise on the part
of Fanasch to furnish confidential information. See Anderson Chem. Co., 66 S.W.3d at 438
(citing Light, 883 S.W.2d at 645, n. 6). Even if Fanash provided confidential information to
Mahmood during his employment, there were no "otherwise enforceable agreements" when
the covenant not to compete was made. See id. 

 Fanasch also argues that the provision stating Mahmood may not obtain copies of case
records, case histories, patient lists, or other patient information unless the patient so requests
is a non-disclosure agreement (i.e. an "otherwise enforceable agreement"). This provision
does prohibit Mahmood from obtaining copies of certain records, but it does not prohibit him
from disclosing information. Obviously, such a prohibition is essential in any non-disclosure
agreement. Mahmood's first and second issues are sustained.

Mahmood's Issue Seven


 In his seventh issue, Mahmood argues the trial court erred in not awarding him
attorney's fees. Mahmood filed this proceeding as a declaratory judgment action. Therefore,
the Uniform Declaratory Judgments Act applies. See Tex. Civ. Prac. & Rem. Code Ann.
§ 37.004 (Vernon 1997). The Uniform Declaratory Judgments Act provides, "[i]n any
proceeding under this chapter, the court may award costs and reasonable and necessary
attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code Ann. § 37.009
(Vernon 1997). In a declaratory judgment action, the decision to grant or deny attorney's
fees and costs lies within the trial court's sound discretion. Sharp v. Hobart Corp., 957
S.W.2d 650, 654 (Tex. App.--Austin 1997, no pet.). We remand this cause to the trial court
to determine the amount of attorney's fees, if any, to which Mahmood is entitled.

 On this record, we conclude the trial court erred in granting the permanent injunction
because the covenant not to compete is not enforceable. Mahmood's first, second, and
seventh issues are sustained. We need not address his remaining issues, as they would not
result in greater relief. We reverse the trial court's judgment and remand this cause to the
trial court for a determination of the parties' entitlement to attorney's fees and entry of a
judgment in accordance with this opinion. See Tex. Civ. Prac. & Rem. Code Ann. § 37.009
(Vernon 1997); Sharp, 957 S.W.2d at 654 ("A prevailing party in a declaratory judgment
action is not entitled to attorneys' fees simply as a matter of law; entitlement depends upon
what is equitable and just and the trial court's power is discretionary in that respect."). 

 REVERSED AND REMANDED.



 _____________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on September 8, 2005

Opinion Delivered November 17, 2005


Before McKeithen, C.J., Kreger and Burgess (1), JJ. 
1. The Honorable Don Burgess, sitting by assignment pursuant to Tex. Gov't Code
Ann. § 74.003(b) (Vernon 2005).