**GONZALES MOTOR COMPANY et al.,**
Appellants,

v.

**Frank BUHIDAR, Appellee.**

No. 3584.

Court of Civil Appeals of Texas.

Eastland.

April 7, 1961.

Rehearing Denied June 16, 1961.

R. L. Miller, Gonzales, King, Anderson & Porter, Corpus Christi, for appellants.

Nicolas & Nicolas, Corpus Christi, for appellee.

WALTER, Justice.

Frank Buhidar filed suit against Jack R. Wilson, Clyde Hanley, Gonzales Motor Company, hereinafter sometimes referred to as Gonzales, and General Motors Acceptance Corporation for money had and received and for conversion of an automobile alleged to have been purchased by him at a first sale and in the alternative for title and possession of the automobile. Gonzales Motor Company and GMAC filed general denials and pleaded specific acts of negligence on the part of Buhidar. GMAC also asked for judgment over against Gonzales. Jack Wilson was a fugitive from justice, citation was never served on him, and he was dismissed from the suit without prejudice.

Based on the verdict and the express and implied findings of the court, judgment was entered that plaintiff recover judgment for $4360.00 against Gonzales and take nothing against the defendant Hanley. The court sustained GMAC's motion for judgment non obstante veredicto and entered judgment that Buhidar take nothing as against GMAC.

Gonzales Motor Company has appealed from such judgment contending the court erred (1) in rendering judgment for the plaintiff for damages for conversion, because the court failed to submit and the plaintiff did not request a submission of the controlling issues to support a judgment for damages for conversion; (2) in submitting the issues of conversion, because plaintiff waived them and the court erred in making findings thereon and rendering judgment for damages; (3) in making a finding of the market value of the automobile, because there was no evidence and insufficient evidence to support such finding; (4) in making inconsistent findings that plaintiff

had abandoned his count for conversion by failing to present evidence of or to request an issue on damages in granting GMAC's motion for judgment non obstante veredicto and in finding against Gonzales Motor Company that the market value of the automobile was $4360.00 and (5) in finding there was some evidence that Gonzales Motor Company converted said automobile and in submitting the first three special issues.

The plaintiff, Frank Buhidar, has appealed from such judgment denying him a recovery against GMAC contending the court erred in granting judgment non obstante veredicto because the court made a finding that the automobile in question had a market value of $4360.00.

Gonzales Motor Company was in the automobile business at Gonzales, Texas. Jack Wilson operated a car lot at Corpus Christi and had been purchasing automobiles from Gonzales. On or about April 23, 1958, Gonzales delivered an Olds 98 to Wilson for demonstration purposes which was sold to Buhidar for $4360.00. Buhidar signed an instrument that he thought was an application for a certificate of title and took possession of the Olds with the dealer's license attached thereto.

On or about the 27th day of May, 1958, Wilson persuaded Hanley to go with him to Gonzales and sign the necessary papers to purchase and finance said Olds. Hanley and Wilson had been church friends for several years. When Hanley was asked "Did you ever intend to purchase the automobile from Gonzales Motor Company?" he answered "I signed a paper there but I never even dreamed I would have to take the car. Mr. Wilson told me this himself, and I thought it would be like he told me." The Olds was licensed in Hanley's name and Wilson put the license plates on the Olds. Buhidar never received a certificate of title or a license receipt. It was conclusively established that GMAC repossessed the car and delivered it to Gonzales Motor Company and that Gonzales sold it "for exactly what it cost".

The jury found that Gonzales authorized Wilson to sell the car and that Buhidar was not negligent in failing to make inquiry as to the condition of the title.

Buhidar pleaded substantially the following: that Gonzales delivered the Olds to Wilson for the purpose of sale and authorized him to sell it; that Wilson represented to him it was a new automobile and that no certificate of title had been issued for it; that he obtained possession of the car on or about the 24th day of April, 1958, and signed an application for title and was informed by Wilson that same would be properly filed and he would receive a title in due time; that on or about the 27th of May, 1958, Wilson went through a purported sale of the same car to Hanley; that the Hanley papers were assigned to GMAC; that GMAC repossessed the car and delivered it to Gonzales; that Gonzales knew that Buhidar had purchased and paid for the car and with full knowledge of all the facts Gonzales took the car and is wrongfully withholding same from Buhidar; that the car had a market value of $4360.00 at the time it was taken from the possession of Buhidar; Buhidar prayed for a recovery of $4360.00, title and possession of the car and "for such other and further relief, both special and general, in law and in equity, to which he may be entitled to and for which he will ever pray."

Gonzales takes the position that under the pleadings, evidence and verdict Buhidar was only entitled to a judgment for title and possession of the car. Gonzales construes the judgment as awarding Buhidar a judgment for conversion and ignores Buhidar's contention that the judgment is supported by his pleadings and evidence for money received. We find that the record supports Buhidar's judgment for money received. Gonzales did not, by motion, exception or otherwise, point out to the trial court any defect, omission or fault in the pleadings either of form or substance. We find the pleadings are sufficient to allege a cause of action for money

received. Rule 90, Rules of Civil Procedure; Texas Osage Co-op Royalty Pool v. Kemper, Tex.Civ.App., 170 S.W.2d 849, (Writ Ref.).

Our Supreme Court in the case of Staats et al. v. Miller, 150 Tex. 581, 243 S.W.2d 686, 687, said: " 'The question, in an action for money had and received, is to which party does the money, in equity, justice, and law, belong. All plaintiff need show is that defendant holds money which in equity and good conscience belongs to him.' 58 C.J.S., Money Received, § 4a, p. 913. Again, it has been declared that a cause of action for money had and received is 'less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case, and looks solely to the inquiry, whether the defendant holds money, which * * * belongs to the plaintiff.' United States v. Jefferson Elec. Mfg. Co., 291 U.S. 386, 54 S.Ct. 443, 449, 78 L.Ed. 859."

"Where the seller has failed to make any delivery of the goods, or where he has delivered goods to which he has no title, or has delivered goods that are wholly worthless, or where, having made delivery, he has taken the goods back, the buyer has a cause of action. He can recover whatever he has paid, with interest thereon from the date of payment, together with any damages to which he may be entitled." 37–A Tex. Jur., Sales, § 326, pp. 684, 685. "A count for money had and received is a proper form of assumpsit where property has been converted and turned into money or the equivalent." 4 Am.Jur., Assumpsit, § 25, p. 515.

Buhidar purchased the car from Gonzales' authorized agent and paid for it. The car was taken from Buhidar without lawful authority by GMAC and delivered to Gonzales. Gonzales sold it "for exactly what it cost". The fundamental concept of "money had and received" is the prevention of unjust enrichment. 29 Tex.Jur. 734. Gonzales did not interpose any defense which showed that in equity and good conscience Buhidar was not entitled to recover what he had paid for the car. "Where one of two innocent persons must suffer for the wrongful act of a third, he who gave the power to do the wrong must bear the burden of the consequences." T. G. Bush Grocery Co. v. Conely, 61 Fla. 131, 55 So. 867, 869.

■ We also find the record supports a judgment for Buhidar for conversion. The court made a finding that the car had a market value of $4360.00. Buhidar testified that the purchase price of the Olds was $4360.00. The conditional sales contract of the car to Hanley shows a sales delivered price of $4720.00. No effort was made to dispute these values. In the case of McCown v. Jennings, Tex.Civ.App., 209 S.W. 2d 408, 412, the court said: "Since the parties to this law suit treat the sale price in this case as the fair market price at the time of the sale, if the car had been in good condition as warranted, and appellant testifying that it was worth the price appellee paid for it, we find that the sale price was used properly in determining the measure of damage, especially in line with the above styled cases, together with the facts in this case."

The purchase price of the car was some evidence of its market value and the sales price of $4720.00 which Gonzales placed on the car when they thought they were selling it to Hanley was also some evidence of market value. "It is only natural that the probative force of evidence is increased by the failure to rebut it, especially where this could easily be done. Thus, the failure or refusal of a party to produce evidence, which may reasonably be supposed to be within his possession, to rebut evidence of his adversary or a presumption in his adversary's favor warrants an unfavorable inference and strengthens the opponent's evidence or presumption." Texas Law of Evidence, McCormick & Ray, p. 137.

■ When we apply the accepted rule that all testimony will be considered in the light most favorable to the court's findings

and the judgment, we come to the conclusion that the evidence was sufficient to support the court's finding that the car in controversy had a market value of $4360.00. We have examined all of Gonzales' points and find no merit in them and they are overruled.

We will next consider the appeal of Frank Buhidar from the judgment granting GMAC's motion for judgment non obstante veredicto. This motion was granted solely on the ground that there was no evidence of the market value of the automobile in question at the time of its conversion. We are of the opinion the court erred in granting such motion because we find there was some evidence of probative value of the market value of the automobile in controversy at the time of its conversion. The appellee GMAC having filed no cross-points, under Rule 324, R.C.P., we are required to make a final disposition of the case. Therefore, the judgment, insofar as it decrees that Buhidar recover nothing against GMAC, is reversed and judgment is here rendered that Buhidar have judgment against Gonzales Motor Company and GMAC, jointly and severally.

The judgment of the trial court is affirmed in part and reversed and rendered in part.