Rhonda 




 NO. 12-01-00225-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JESS MARLEY,
§
 APPEAL FROM THE FOURTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


DONNA WALLACE,

APPELLEE
§
 RUSK COUNTY, TEXAS





OPINION ON MOTIONS FOR REHEARING


 Jess Marley and Donna Wallace each filed a motion for rehearing. Both motions for
rehearing are denied. However, our opinion of October 31, 2002 is hereby withdrawn and the
following opinion is substituted in its place.

 Billy and Donna Wallace filed suit against Jess Marley for breach of contract and conversion
of personal property in regard to the sub-lease of three tracts of land for hunting purposes. Marley
countersued, claiming that the Wallaces breached the lease agreement when they failed to pay for
the third tract. The jury found that the Wallaces did not breach their contract and that Marley did.
But the jury found that the Wallaces suffered no damages from the breach. However, the jury did
find that Marley converted the Wallaces' personal property in the amount of $60,000.00. The trial
court also awarded the Wallaces $32,424.66 in prejudgment interest. Marley appeals the trial court's
failure to transfer venue, award of damages, prejudgment interest award, and finding on breach of
contract. We modify and affirm the judgment for the Wallaces on condition of remittitur. We
reverse and remand Marley's counterclaim for a new trial. 



Background

 The Wallaces orally contracted to sub-lease Marley's hunting lease in Terrell County. The
Wallaces initially agreed to lease Tract I for their own personal use. When they decided to start a
business, WW Outfitters, the Wallaces leased Tract II. They then leased Tract III, but had not paid
for it when Marley informed the Wallaces that the deal was off. The Wallaces had set up the leases
with deer stands, feeders, blinds, ladders, jeeps, camping trailer, and other equipment. They also
built a bunkhouse when the original was blown down by high winds, and purchased furnishings and
household goods for the main house and the bunkhouse. Marley demanded payment for Tract III,
even though the Wallaces believed that they had been given the option to pay it out over a period of
time. Donna testified that Marley then told them that they could not have the lease even if they had
the money, and that if they set foot on the land again, he would call the sheriff and have them
arrested. The Wallaces did not attempt to regain possession of their property; instead, they filed suit
for breach of contract and conversion. Marley counterclaimed against the Wallaces for breach of
contract for failure to pay for Tract III. Billy died before the cause came to trial. 


Motion for Change of Venue 

 "Except as otherwise provided . . . , all lawsuits shall be brought in the county in which all
or part of the cause of action accrued or in the county of defendant's residence. . .." Tex. Civ. Prac.
& Rem. Code Ann. § 15.001 (Vernon 1986). For venue purposes, venue for claims about or
regarding contracts is proper in the county where the offer to contract is accepted. Petromark
Minerals, Inc. v. Buttes Resources, 633 S.W.2d 657, 660 (Tex. App.-Houston [14th Dist.] 1982,
writ dism'd w.o.j.). The parties' pleading and proof limits a trial court's discretion to determine
venue. A plaintiff's choice of venue stands unless challenged by proper motion to transfer venue. 
Once challenged, the plaintiff has the burden to present prima facie proof by affidavit or other
appropriate evidence that venue is maintainable in the county of suit. The plaintiff's prima facie
proof is not subject to rebuttal, cross-examination, impeachment, or disproof. However, if the
plaintiff fails to discharge the burden, the right to choose a proper venue passes to the defendant,
who must then prove that venue is proper in the defendant's chosen county. In re Missouri Pac. RR
Co., 998 S.W.2d 212, 216 (Tex. 1999). Where a motion to transfer venue has been denied by the
trial court, this denial must be upheld on appeal if there is any probative evidence anywhere in the
record supporting the trial court's conclusion that venue is proper in the county where the case was
tried. Ruiz v. Conoco, Inc., 868 S.W.2d 752, 758 (Tex. 1993). If venue was improper, it is
reversible error. We determine proper venue by considering the entire record. Tex. Civ. Prac. &
Rem. Code Ann. § 15.064(b) (Vernon 1986). 

Analysis

 The Wallaces resided in Rusk County at the time of the agreement. However, it is contested
whether the agreement was made in person on the property in Terrell County or over the phone. The
Wallaces took the position that venue was proper in their own county, arguing that the transaction
occurred while they were on the phone in Rusk County. Marley contends that the suit should have
been filed either in Terrell County, where the property is, or in Crockett County, where Marley lives. 
Marley moved to transfer venue to one of those counties approximately five years after suit was filed
and he was served. Marley actually did not answer until four years after he was served, but the
Wallaces never knew that Marley had been served until he filed an answer. The trial court denied
Marley's motion to transfer venue, and he is now appealing that ruling. The suit was filed in 1995;
the motion to transfer was filed in 2000 and was heard four months later. The Wallaces argue that
Marley waived his right to transfer venue on the basis of delay. It is irrelevant whether Marley
waived this right, however, because of the Wallaces' proof of proper venue. After Marley filed his
motion to transfer, Billy Wallace responded with an affidavit in support of venue in Rusk County,
which stated the following:


 In the latter part of January 1994, I spoke by telephone with Defendant . . . while I was in my home
located in Rusk County, Texas. During that telephone conversation, we negotiated and finalized a
hunting lease, via my acceptance of Defendant Marley's offer . . ..


 Approximately three months later, in May 1994, Defendant . . . called me at my home in Rusk County,
Texas, and offered me a second hunting lease on another tract of land near Ozona, Texas. As with the
first hunting lease, we negotiated the second hunting lease agreement and finalized that agreement via
my acceptance of Defendant Marley's contract offer.


 The third hunting lease was negotiated in virtually the same way . . . .



Marley argues that the above statements are conclusory, and are therefore no evidence that the lease
contracts were entered into in Rusk County. We conclude, however, that this statement is probative
evidence supporting the trial court's conclusion that venue is proper in the county where the case was
tried. We are not at liberty, therefore, to reverse on this basis. Further, in his Motion for Change of
Venue, Marley did not dispute that the contracts were entered into over the phone. Accordingly, we
overrule issue one. 


Legal and Factual Sufficiency of Damages Evidence 

 In his second issue on appeal, Marley argues that the Wallaces did not present evidence of
the current market value of the converted property. Conversion is the wrongful exercise of dominion
and control over another's property in denial of or inconsistent with his rights. Bandy v. First State
Bank, 835 S.W.2d 609, 622 (Tex. 1992). If the plaintiff in a conversion action elects to recover the
value of the property, actual damages are determined by the fair market value at the place and time
of conversion. United Mobile Networks, L.P. v. Deaton, 939 S.W.2d 146, 147-48 (Tex. 1997). 
"Fair market value" has been historically defined as "the price which the property would bring when
it is offered for sale by one who desires, but is not obliged to sell, and is bought by one who is under
no necessity of buying it . . ." City of Austin v. Cannizzo, 267 S.W.2d 808, 815 (Tex. 1954). But
for household goods having no recognized market value, the measure of damages is the value to the
owner. Gulf States Utilities Co. v. Low, 79 S.W.3d 561, 566 (Tex. 2002). Also, it is well-settled
that an owner is qualified to testify about the value of his property. Redman Homes, Inc. v. Ivy, 901
S.W.2d 676, 685 (Tex. App.-El Paso 1995), rev'd on other grounds, 920 S.W.2d 664 (Tex. 1996). 
Even if the owner is not asked if he is familiar with the market value of his property, his opinion
testimony of the value is sufficient if it shows that it refers to market value. Porras v. Craig, 675
S.W.2d 503, 504-505 (Tex. 1984). Purchase price is ordinarily not admissible to show market value
at a particular later time. Redman Homes, 901 S.W.2d at 685. But the inadmissibility must be
brought to the trial court's attention by proper objection. See Tex. R. App. P. 33.1(a); Tex. R. Evid.
103; San Antonio Pub. Serv. Co. v. Murray, 59 S.W.2d 851, 854 (Tex. Civ. App.-Beaumont
1933)(opinion adopted by 127 Tex. 77, 90 S.W.2d 830 (Tex. 1936)). 

 To review the evidence under a no-evidence point, we consider all the evidence in the light
most favorable to the prevailing party, including every reasonable inference in that party's favor. 
Assoc. Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex. 1998). We will
uphold the finding if more than a scintilla of evidence supports it. Burroughs Wellcome Co. v.
Crye, 907 S.W.3d 497, 499 (Tex. 1995). We must be persuaded that reasonable minds could differ
about the fact determination to be made by the jury. See id. With regard to a factual sufficiency
challenge, we consider all the evidence and uphold the jury's verdict unless we find that the evidence
is too weak to support the finding, or the finding is so against the overwhelming weight of the
evidence as to be manifestly unjust. See Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). The jury
assesses the credibility of the witnesses and may accept or reject the testimony of any witness in
whole or in part. Leyva v. Pacheco, 358 S.W.2d 547, 549 (Tex. 1962). Although we may not have
reached the same findings, we may not substitute our judgment for that of the jury. Cropper v.
Caterpillar Tractor Co., 754 S.W.2d 646, 651 (Tex. 1988).

Analysis

 Donna testified and offered documentary proof of the purchase value of the game feeders,
blinds, towers, feeder ladders, feeder timer kits, and other items which she and her husband
purchased specifically for the commercial hunting concern. This property was bought within a
matter of months of the conversion. At one point Donna was asked if the purchase price was what
the items were worth, to which she responded in the affirmative. She also testified that the dollar
values she assigned to the property for which she had no invoices, such as jeeps, camp house
furniture, kitchen appliances, linens, and other personal property was "what that stuff's worth." In
other words, when Donna sought damages for the conversion of the items on her list, she valued each
item listed according to either its value to her or its purchase price. 

 Although the purchase price of personal property may be tenuously related to the market
value of that property, when it is admitted without objection, it provides more than a scintilla of
evidence of market value. See San Antonio Pub. Serv. Co., 59 S.W.2d at 854. When purchase price
is the only evidence admitted regarding value, it is the most probative evidence. See id. Marley did
not object at trial to Donna's testimony or the documentary evidence she presented supporting it. 
He therefore failed to preserve his objection to the admissibility of the evidence of value and cannot
raise it on appeal. Thus, the jury properly considered evidence of the purchase price in determining
market value at the time of the conversion. Additionally, Donna's evidence of the value of the
converted items was unchallenged at trial. Marley did not present rival valuations, nor did he present
evidence regarding any decline in value of the property. (1) 

 After considering the evidence in support of the judgment, we hold that Donna's testimony
constitutes some evidence, and there are inferences therefrom, that would allow the jury to assess
damages. Further, after considering all of the evidence, we do not find that the evidence standing
alone is too weak to support the finding that the Wallaces suffered actual damages. Nor do we find
that the jury finding is so against the overwhelming weight of the evidence that it is manifestly unjust
and clearly wrong. Accordingly, we reject Marley's legal and factual sufficiency challenges and
overrule issue two. 


Excessive Damages 

 In issue three, Marley argues that the jury added onto the value of the personal property the
value of a bunkhouse which the Wallaces built on the lease property, and which Marley later
removed from the land, moved into town, and rented out. Marley contends that the bunkhouse was
a fixture, and therefore not personalty which could be converted. 

 Conversion is an act of dominion and control wrongfully exerted over another's personal
property. Rodriguez v. Dipp, 546 S.W.2d 655, 658 (Tex. Civ. App.-El Paso 1977, writ ref'd n.r.e.). 
There are three factors relevant to determining whether personal property has become a non-convertible fixture: 1) the mode and sufficiency of annexation, either real or constructive; 2)
adaptation of the personalty to the use or purpose of the realty; and 3) the intention of the party who
annexed the personalty to the realty. Sonnier v. Chisholm-Ryder Co., 909 S.W.2d 475, 479 (Tex.
1995). Intention is the touchstone of the inquiry, and the first two factors constitute evidence of
intent. Id. However, real property can be converted if a fixture is severed and removed, at which
time it is reimpressed with its character as personalty. Pierson v. GFH Fin. Svcs. Corp., 829
S.W.2d 311, 314 (Tex. App.-Austin 1992, no writ); Lane v. Davis, 337 S.W.2d 292, 294 (Tex. Civ.
App.-San Antonio 1960, no writ). 

Analysis

 In the case before us, it is clear that the bunkhouse was intended to be a fixture. During trial,
Marley's attorney asked Donna, "You knew that if and when you left the lease that [the bunkhouse]
would stay there?" Donna replied, "Sure, and we were planning on a long-term lease." If the
bunkhouse had remained on the lease property, our analysis would be complete - the value of the
bunkhouse could not be included in the calculation of damages. However, when Marley severed and
removed the bunkhouse from the lease property, it was reimpressed with its character as personalty
and could have been appropriately included in the Wallaces' recovery. 

 Donna testified that all of the property, excluding the bunkhouse, was worth $52,041.91. 
Marley testified that it cost him a minimum of $16,000.00 to make the bunkhouse "liveable." But
there was no testimony by either the owner or an expert as to the value of the bunkhouse at the time
it was converted. 

 Because there was no testimony or evidence of the market value of the bunkhouse, we agree
with Marley that the evidence does not justify the amount of $60,000.00 in damages, and is therefore
excessive. Consequently, we suggest a remittitur. This court is vested with the power to suggest a
remittitur on its own motion when the appellant complains that there is insufficient evidence to
support an award and the court of appeals agrees, but finds that there is sufficient evidence to support
a lesser award. Tex. R. App. P. 46.3; Snoke v. Republic Underwriters Ins. Co., 770 S.W.2d 777,
777-78 (Tex. 1989). The party prevailing in the trial court should be given the option of accepting
the remittitur or having the case remanded. Larson v. Cactus Utility Co., 730 S.W.2d 640, 641 (Tex.
1987). In this court's opinion, the judgment is excessive by $7,958.09, since Donna proved only
$52,041.91 in damages. Accordingly, we sustain issue three and suggest a remittitur in the amount
of $7,958.09. 

 

Prejudgment Interest

 In issue four, Marley contends that the trial court abused its discretion by awarding
prejudgment interest for the five years in which the Wallaces failed to prosecute their case. 
Prejudgment interest is "compensation allowed by law as additional damages for lost use of the
money due as damages during the lapse of time between the accrual of the claim and the date of
judgment." Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 528
(Tex. 1998). In determining prejudgment interest, the trial court must consider 1) periods of delay
caused by a defendant; and 2) periods of delay caused by a claimant. Tex. Fin. Code Ann. §
304.108 (Vernon 1998). The trial court's decision in reducing or refusing to reduce from its interest
calculations periods of delay caused by a litigant are reviewed under the abuse of discretion standard. 
Helena Chem. Co. v. Wilkins, 18 S.W.3d 744, 760 (Tex. App.-San Antonio, 2000), aff'd, 47
S.W.3d 486 (Tex. 2001). A trial court abuses its discretion if its action is arbitrary, unreasonable,
and without reference to any guiding rules and principles. See Goode v. Shoukfeh, 943 S.W.2d 441,
446 (Tex. 1997). Because the offset is discretionary rather than mandatory, we do not substitute our
opinion for that of the trial court. See Wilkins, 18 S.W.3d at 760; City of Alamo v. Casas, 960
S.W.2d 240, 260 (Tex. App.-Corpus Christi 1997, pet. denied).

Analysis

 It is uncontested that the Wallaces did nothing to prosecute their case until after Marley
answered, which was several years after the suit was filed. But we have no other record of the
circumstances surrounding the delay, other than that the Wallaces did not know that Marley had been
served, and that Marley did not answer for four years. With nothing else to review, we cannot say
that the trial court abused its discretion in awarding prejudgment interest from the date the suit was
filed until judgment. However, if there is a remittitur, the interest must be recalculated accordingly. 
We overrule issue four. 


Jury's Finding that the Wallaces did not Breach the Contract

 In his fifth issue, Marley contends that the evidence is both legally and factually insufficient
to support the jury's finding that the Wallaces did not breach their contract when they failed to pay
for Tract III. If an appellant is attacking the legal sufficiency of an adverse answer to a finding on
which he had the burden of proof, the Texas Supreme Court has stated the appellant must, as a
matter of law, overcome two hurdles. Victoria Bank & Trust Co. v. Brady, 811 S.W.2d 931, 940
(Tex. 1991). First, the record must be examined for evidence that supports the finding, while
ignoring all evidence to the contrary. Second, if there is no evidence to support the factfinder's
answer, then the entire record must be examined to see if the contrary proposition is established as
a matter of law. Id.; Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). Therefore,
we must examine the record to determine whether the evidence supports the jury's verdict and, if not,
determine whether the evidence establishes as a matter of law that the Wallaces did, in fact, fail to
comply with the lease agreement. 

 In reviewing the record, we cannot find any evidence to support the jury's finding that the
Wallaces did not fail to comply with the lease agreement. In fact, just the opposite was established
when, at trial, Donna stated that she and her husband never paid the money for Tract III. 
Consequently, the evidence is legally insufficient to support the jury's answer. But the Wallaces
argue that the refusal to pay came only after Marley unequivocally repudiated his agreement to lease
Tract III; therefore, any obligation to perform was excused. 

 Jury Question No. 1 asked the following:


 Did either of the parties fail to comply with the terms of the hunting lease agreement?


 Jess Marley __________
 Billy Wallace __________


 

The jury answered "yes" as to Marley, and "no" as to Wallace. Jury Question No. 2 was conditioned
upon the jury's affirmative answer as to Marley. It asked if his failure to comply was excused. Jury
Question No. 3 was conditioned upon the jury's affirmative answer as to Wallace. The jury,
therefore, did not answer it. Consequently, there was no finding that Wallace's noncompliance was
excused.

 We agree that there is evidence that the breach was excused, since Donna testified that their
agreement with Marley was to pay the $7500.00 over a period of time. According to Donna, there
was no specific time period in which payment was required, but that they intended to fulfill their
obligation within a short period of time. But instead of allowing them to perform, Marley refused
payment and also ordered the Wallaces not to return to the lease. This is factually sufficient
evidence to support a finding that the Wallaces' uncontested breach was excused, since Marley
breached first. But that is not the question before us, because the jury's negative answer as to the
dominant issue of breach precluded answering the subordinate issue of excuse. (2) The question,
therefore, is whether or not there is any evidence to support the jury's finding that the Wallaces did
not fail to comply with the lease agreement. We hold that there is not and, therefore, must sustain
issue five and remand Marley's counterclaim to the trial court for further proceedings. 
 


Conclusion

 Because we have found that the trial court's award of damages is excessive by $7,958.09, we
suggest to Appellee Donna Wallace that she file a remittitur of such excess. If such remittitur is filed
within thirty days, the judgment will be modified and affirmed as to her claim against Marley;
otherwise, the judgment will be reversed and remanded for a new trial.

 As to Marley's counterclaim, we reverse and remand for a new trial.


 JIM WORTHEN 

 Justice



Opinion delivered December 11, 2002.

Panel consisted of Worthen, J.,Griffith, J. and Ramey, Jr., Chief Justice Retired, sitting by assignment. 






 



(DO NOT PUBLISH)








COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT


DECEMBER 11, 2002



NO. 12-01-00225-CV



JESS MARLEY,


Appellant


V.


DONNA WALLACE,


Appellee



_____________________________________________________________________________


 Appeal from the 4th Judicial District Court


 of Rusk County, Texas. (Tr.Ct.No. 95-145)


_____________________________________________________________________________



 THIS CAUSE came on to be heard on the oral arguments, appellate record
and briefs filed herein; and the same being inspected, it is the opinion of this court that the judgment
of the trial court below should be modified and, as modified, affirmed.

 It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below be modified on condition of remittitur within thirty days by the Appellee,
DONNA WALLACE, in accordance with the opinion of this court; and as modified, the judgment
of the trial court as to her claim against Appellant, JESS MARLEY, is affirmed.

 It is further ORDERED that as to Appellant's counterclaim, we reverse and
remand for a new trial. All costs in this cause expended, both in this court and the court below,
shall be assessed against the party incurring same; and that this decision be certified to the trial court
below for observance.

 Jim Worthen, Justice.

 Panel consisted of Worthen, J., Griffith, J., and Ramey, Jr., Chief Justice Retired sitting by
assignment.


THE STATE OF TEXAS


M A N D A T E


TO THE 4TH JUDICIAL DISTRICT COURT OF RUSK COUNTY, GREETINGS:


 Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 11th
day of December, 2002, the cause upon appeal to revise or reverse your judgment between


JESS MARLEY, Appellant



NO. 12-01-00225-CV and Tr. Ct. Case Number 95-145



Opinion by Justice Jim Worthen.



DONNA WALLACE, Appellee



was determined; and therein our said Court made its order in these words:

 THIS CAUSE came on to be heard on the oral arguments, appellate record and briefs filed
herein; and the same being inspected, it is the opinion of this court that the judgment of the trial court
below should be modified and, as modified, affirmed.


 It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
be modified on condition of remittitur within thirty days by the Appellee, DONNA WALLACE,
in accordance with the opinion of this court; and as modified, the judgment of the trial court as to
her claim against Appellant, JESS MARLEY, is affirmed.


 It is further ORDERED that as to Appellant's counterclaim, we reverse and remand for a
new trial. All costs in this cause expended, both in this court and the court below, shall be assessed
against the party incurring same; and that this decision be certified to the trial court below for
observance.


 WHEREAS, YOU ARE HEREBY COMMANDED to observe the foregoing order of said
Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things
have it duly recognized, obeyed, and executed.


 WITNESS, THE HONORABLE JAMES T. WORTHEN, Chief Justice of said Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200_.


 CATHY S. LUSK, CLERK



 By:_______________________________

 Deputy Clerk 

1. "It is only natural that the probative force of evidence is increased by the failure to rebut it, especially
where this could easily be done. Thus, the failure or refusal of a party to produce evidence, which may reasonably
be supposed to be within his possession, to rebut evidence of his adversary or a presumption in his adversary's favor
warrants an unfavorable inference and strengthens the opponent's evidence or presumption." Gonzales Motor Co. v.
Buhidar, 348 S.W.2d 376, 378 (Tex. Civ. App.-Eastland 1961, writ ref'd n.r.e.) (quoting Texas Law of Evidence,
McCormick & Ray, p. 137).
2. An argument can be made that since there is compelling evidence of excuse, there should be a deemed
finding of excuse, which would preclude a remand on Marley's counterclaim. But Rule 279 of the Texas Rules of
Civil Procedure only applies when a finding on a controlling issue is prevented by an improper conditional
submission. When there is a proper conditional submission of issues, and the jury's finding on the dominant issue is
against the weight and preponderance of the evidence, there is no presumption of a deemed finding on the
unanswered subordinate issue. Sanchez v. Texas Employers Ins. Assoc., 618 S.W.2d 837, 844 (Tex. Civ.
App.-Amarillo 1981, writ ref'd n.r.e.).